United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 16, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 02-20470
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL RONNIE HOUSTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
_____

Before GARWOOD, JOLLY, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Appellant challenges the district court's application of the United States Sentencing Commission Guidelines Manual ("U.S.S.G.") to his sentence for unlawful possession of a firearm. He seeks review of the district court's judgment that his prior conviction for statutory rape under Texas law was a "crime of violence" pursuant to guideline § 4B1.2(a), that his offense "involved" three firearms, and that he possessed firearms "in connection with" the felony offenses of drug possession and forgery. Because the district court's application of the guidelines constitutes clear error, we VACATE the sentencing order, and REMAND to the district court for re-sentencing in

1

accordance with this opinion.

## I. FACTS AND PROCEEDINGS

On June 15, 2001, appellant Michael Ronnie Houston ("Houston") and his wife, Mary Beth Wilson ("Wilson"), were arrested in Room 216 of the Baymont Inn Motel in Houston, Texas.[1] Houston falsely identified himself to officers as "Randy Collier," produced a false Florida identification card bearing the name "Randy Collier," and apprised the officers of the presence of two firearms: a 9mm Ruger pistol located on a window sill, and a Lorcin .380 caliber pistol found in a bag belonging to Houston. Wilson then told the arresting officers that she had a Jennings .32 caliber pistol in her purse. A search of the room yielded a handbook on forging documents, a computer, twelve grams of marijuana, a marijuana cigarette, and various drug paraphernalia. Houston, who had been previously convicted of statutory rape, possession of a controlled substance, and forgery, disclosed to agents that he owned the Ruger and Lorcin pistols.

Houston was indicted on June 20, 2001 in federal district court for being a felon in possession of two firearms. 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000).[2] He pleaded guilty to the one-count indictment, which named the Ruger and Lorcin pistols, on October 12, 2001 without the benefit of a plea agreement. During a presentence interview with the probation office, Houston accepted responsibility for the offense, explaining that he "only had the pistol for protection since [he and his wife] were coming to a city with such a high crime rate," and that his "wife ha[d] been the victim of

---

[1] A third individual, Steven Shane Hall, was arrested in the motel room.

[2] Houston was charged with forgery of a government instrument in the 263rd District Court for Harris County, Texas.

two brutal rapes as a young adult woman."

The Presentence Investigation Report ("PSR") recommended that the district court: 1) set Houston's base-offense level at 20 because his prior conviction for statutory rape constituted a "crime of violence"; 2) enhance Houston's offense level by two because the offense "involved" three firearms; and 3) enhance Houston's offense level by four because he possessed the firearms "in connection with" another felony offense.[3] Over Houston's objections, the district court adopted the PSR's recommendations, and sentenced Houston to a 96-month term of imprisonment, a three-year term of supervised release, a $3,000 fine, and a $100 special assessment fee. Houston timely appeals the district court's application of the sentencing guidelines.

## II. STANDARD OF REVIEW

"A sentence will be upheld unless it was imposed in violation of law, was an incorrect application of the sentencing guidelines, or is outside the range of the applicable sentencing guideline." *United States v. Ocana*, 204 F.3d 585, 588 (5th Cir. 2000). A district court's interpretation or application of the sentencing guidelines is reviewed *de novo* and its factual findings for clear error. *United States v. Charles,* 301 F.3d 309, 312-13 (5th Cir. 2002) (en banc); *United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999).

## III. ANALYSIS

**A.      Enhancement for Prior Conviction of "crime of violence"**

The district court set Houston's base-offense level at 20 on the grounds that his previous conviction for statutory rape constituted a "crime of violence." The court, citing information

---

[3] The PSR used the 2001 version of the Guidelines Manual.

3

garnered from Texas's sex offender database, emphasized that Houston's statutory rape victim had been only 14 years old.

Section 2K2.1 of the sentencing guidelines sets forth base-offense levels for crimes involving the unlawful possession of a firearm, and imposes an enhanced base-offense level of 20 if the defendant has a previous felony conviction for a "crime of violence." U.S.S.G. § 2K2.1(a)(4)(A) (2001). Application Note 5 to § 2K2.1 refers to § 4B1.2(a) and its Application Note 1 for the definition of "crime of violence." U.S.S.G. § 2K2.1, cmt. n.5 (2001). Section 4B1.2(a) defines "crime of violence" as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that —
>
> (1)      has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2)      is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (2001). Application Note 1 to this section states:

> "Crime of violence" includes murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the *conduct set forth (*i.e.*, expressly charged) in the count of which the defendant was convicted* involved use of explosives (including any explosive material or destructive device) or, *by its nature*, *presented a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2, cmt. n.1 (2001) (emphases added); *see generally Huerta*, 182 F.3d at 364 ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading,

4

of that guideline.").

Subsection (a)(1) of § 4B1.2 is plainly inapplicable because "use of force" is not an element of the crime of statutory rape as defined by Texas. S*ee* TEXAS PENAL CODE ANN. § 22.011(a)(2) (Vernon 2003) (prohibiting *consensual* sexual contact with, or penetration of, a person under 17 years old)*; see also Hernandez v. State*, 861 S.W.2d 908, 909 (Tex. Crim. App. 1993) ("[W]hen prosecuting via [§ 22.011(a)(2)], consent (or nonconsent) is not an element."). Thus, the Government's claim that statutory rape is a crime of violence hinges on the applicability of § 4B1.2(a)(2).

"[A] crime is a crime of violence under § 4B1.2(a)(2) only if, from the face of the indictment, the crime charged or the conduct charged presents a serious potential risk of [physical] injury to a person." *Charles*, 301 F.3d at 314. If an indictment is silent as to the offender's actual conduct, we must proceed under the assumption that his conduct constituted the least culpable act satisfying the count of conviction. *See United States v. Serna*, 309 F.3d 859, 869 (5th Cir. 2002) (stating that subsection (a)(2) calls for a categorical inclusion or exclusion of conduct); *United States v. Thomas*, 159 F.3d 296, 299 (7th Cir. 1998) ("[B]ecause the charging document in this case does not specify the ages of victim and defendant, the only facts we can go on is that the girl was older than 13 but not yet 17 and Thomas was at least 5 years older.").

In 1990, Houston pleaded guilty to statutory rape pursuant to Texas Penal Code § 22.011(a)(2)(C). The count of conviction does not describe any aggravating conduct such as the victim's age, the victim's lack of consent, or Houston's use of violence, but merely alleges that Houston

5

intentionally and knowingly caused his sex organ to contact and penetrate the female sex organ of [Jane Doe] and the said [Jane Doe] was then and there a child younger than 17 years of age and not the spouse of the said MICHAEL RONNIE HOUSTON.

Section 22.011(a)(2)(C) provides that "[a] person commits an offense if the person . . . intentionally or knowingly . . . causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor." TEXAS PENAL CODE ANN. § 22.011(a)(2)(C). A "child" is defined by the statute as "a person younger than 17 years of age who is not the spouse of the actor." *Id.* at § 22.011(c)(1). Moreover, it is an affirmative defense that the actor is not more than three years older than the victim. *Id.* at § 22.011(e)(1).

Neither the conduct alleged in the indictment, nor the nature of the crime charged, in any way indicate that Houston's statutory rape victim was 14 years old; we therefore find that the district court disregarded the clear dictate of the U.S.S.G. by considering the victim's actual age as stated in a sex offender database. To determine whether Houston's conviction was a "crime of violence" pursuant to subsection (a)(2) of § 4B1.2, we merely inquire whether the least culpable conduct satisfying the count of conviction (*i.e.*, consensual sexual intercourse between a 20 year old male and a female a day under 17) presents a serious potential risk of physical injury. We hold that it does not.

In *United States v. Kirk*, 111 F.3d 390 (5th Cir. 1997), affirming a sentence enhancement for a defendant convicted of molesting an eight year old boy, this Court stated in *dicta* that:

[A] nineteen year old individual that engaged in consensual sexual contact with a sixteen year old may have violated section 21.11(a)(1) [of the Texas Penal Code].[4] Yet, we cannot say that a serious potential for physical injury necessarily exists in this

---

[4] Texas Penal Code § 21.11, which prohibits sexual indecency and contact with a person under 17, is not at issue in this case. *Cf.* TEXAS PENAL CODE ANN. § 22.011 (proscribing sexual contact with, or penetration of, a person under 17).

6

scenario.

*Id.* at 395 n. 8. This Court in *Kirk* reasoned that a 16 year old female can consent factually — if not legally — to sexual contact, thereby diminishing the likelihood that the offense will cause serious physical injury.[5] The holdings of our sister circuits similarly indicate that sexual intercourse between a 20 year old male and a female a day under 17, absent aggravating circumstances, is not physically dangerous. *See United States v. Sacko*, 178 F.3d 1, 6 (1st Cir. 1999) ("[W]e are unprepared to say a priori that sex is not physically dangerous for a 14 year old girl. However, we have no legal basis for the opposite conclusion, no studies or medical journals to ground such a holding."); *Thomas*, 159 F.3d at 299 ("The Government has not furnished us, nor did the district court cite, any studies or reasons that would support a conclusion that sex between a 16 year old girl (perhaps, as we said, a day short of 17) and a 22 year old man poses a substantial risk of physical injury to the girl . . . .").

We further note that marriage is an affirmative defense to Texas's statutory rape law. TEX. PENAL CODE ANN. § 22.011(c)(1) (Vernon 2003). Because Texas law permits a female to marry, with parental consent, at the age of 14, *see* TEXAS FAMILY CODE ANN. § 2.102(a) (Vernon 2003), we find it unlikely that the age of consent in the Texas statutory rape law was enacted to protect females under the age of 17 from physical injury as a consequence of consensual sexual intercourse. *See United States v. Shannon*, 110 F.3d 382, 386 (7th Cir. 1997) (en banc) (inferring that the age of

---

[5] In *United States v. Velazquez-Overa*, 100 F.3d 418, 423 (5th Cir. 1996), we held that a violation of Texas Penal Code § 21.11 was a crime of violence under U.S.S.G. § 2L1.2 because the conduct "involve[d] a substantial risk that physical force . . . may be used." *Velazquez-Overa* is inapposite to the case *sub judice*, which involves § 4B1.2, and inquires whether conduct "presents a serious potential risk of physical injury." *See generally Charles*, 301 F.3d at 312 (identifying the difference between "crime of violence" under § 2L1.2 and § 4B1.2, and overruling prior cases which conflated the two).

7

consent in Illinois's statutory rape law was not chosen to protect females from physical injury because Illinois permits marriage at a younger age). We therefore conclude that sexual intercourse between a 20 year old male and a female a day under 17, free of aggravating circumstances such as the victim's lack of consent or the offender's use of violence, does not present a serious potential risk of physical injury, and that the district court erred by setting Houston's base-offense level at 20 on the grounds that his prior conviction for statutory rape constituted a "crime of violence" under guideline § 4B1.2(a).

**B.      Enhancement for Commission of Offense that "involved" Three Firearms**

The district court further enhanced Houston's offense level by two because his offense involved three firearms. In addition to the Ruger and Lorcin pistols specified in the count of conviction, the court found that Houston was in constructive possession of the Jennings pistol seized from Wilson's purse.

Section 2K2.1(b)(1)(A) of the sentencing guidelines imposes a two-level enhancement if a firearms-offense "involved" between three and seven firearms. U.S.S.G. § 2K2.1(b)(1)(A) (2001). For purposes of calculating the number of firearms "involved" in a given offense, courts are to consider only those firearms unlawfully possessed. U.S.S.G. § 2K2.1, cmt. n.9 (2001). Possession may be actual or constructive. *United States v. Mergerson*, 4 F.3d 337, 348 (5th Cir. 1993). "Constructive possession" is ownership, dominion, or control over the item itself, or control over the premises in which the item is concealed. *Id.* at 349. Although a defendant's exclusive occupancy of a place may establish his dominion and control over an item found there, his joint occupancy of a place cannot, by itself, support the same conclusion. *United States v. Hinojosa*, 349 F.3d 200, 203-

8

04 (5th Cir. 2003) (citing *Mergerson*, 4 F.3d at 349). In cases of joint occupancy, like the matter *sub judice*, we find constructive possession only where there is evidence supporting a plausible inference that the defendant had knowledge of, and access to, the item. *Hinojosa*, 349 F.3d at 204; *United States v. DeLeon*, 170 F.3d 494, 498 (5th Cir. 1999).

The facts surrounding Houston's arrest, as reported by the officers, do not support an inference that Houston had knowledge of, and access to, the Jennings pistol in Wilson's purse. The gun was not in plain view, Wilson — not Houston — disclosed the location of the gun, and Houston expressed to the officers his belief that the room contained two, rather than three, firearms. Indeed, the district court's finding of constructive possession rests solely upon Houston's statement during a presentence interview that he had "the pistol" for protection because his wife had been previously raped. Because Houston's indictment specifies both a Ruger and a Lorcin pistol, his ambiguous reference to "the pistol" during a presentence interview, without more, in no way indicates his knowledge of, and access to, the Jennings pistol in Wilson's purse. We note that the probation office, which actually conducted the interview, seemed to agree: it recommended in its PSR that Houston's reference to "the pistol" constituted his acceptance of responsibility for the charged offense (*i.e.*, being in unlawful possession of the Ruger and Lorcin pistols). *See generally* U.S.S.G. § 3E1.1(a) (2001) (allowing for two-level downward adjustment "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense").

Because there is no evidence in the record to support the district court's finding that Houston had constructive possession of the Jennings pistol in Wilson's purse, we hold that the district court abused its discretion by enhancing Houston's offense level by two on the grounds that his offense

9

"involved" a third firearm.

**C.     Enhancement for Possession of Firearms "in connection with" Another Felony Offense**

The district court also enhanced Houston's offense level by four on the grounds that he unlawfully possessed firearms in connection with the felony offenses of drug possession and forgery of a government instrument.  Section 2K2.1(b)(5) of the sentencing guidelines imposes a four-level enhancement if a defendant "used or possessed any firearm . . . in connection with another felony offense."  U.S.S.G. § 2K2.1(b)(5) (2001).  The guidelines define "felony offense" for purposes of § 2K2.1(b)(5) as "any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought."  U.S.S.G. § 2K2.1, cmt. n.7 (2001).

As an initial matter, Houston was not in *felonious* possession of a controlled substance.  The sole evidence cited by the district court was that Houston was arrested in a motel room that contained twelve grams of marijuana.  Assuming *arguendo* that Houston was in constructive possession of the marijuana, the *de minimus* amount seized was insufficient to support a felony conviction under Texas or federal law.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121 (Vernon 2003) (providing that the possession of less than two ounces (or roughly 62 grams) of marijuana is a Class B Misdemeanor under Texas law); 21 U.S.C. § 844(a) (2000) (designating that the simple possession of marijuana is a misdemeanor under federal law).[6]

---

[6] It is plausible that the conditions of Houston's 1995 conviction for possession of methamphetamine authorized either Texas or the United States to bring a felony charge against Houston for any drug offense, no matter how minor.  This argument, however, was not raised by either the district court or the Government, and is therefore deemed abandoned.  *See, e.g., United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992) (stating that failure "to properly argue or present issues in an appellant brief renders those issues abandoned").

Although it appears that Houston's possession of a false Florida identification card and false social security card likely constituted felonious forgery pursuant to Texas Penal Code § 32.21, there is no indication that his firearms were actually possessed "in connection with" the forgery. It is well-established that "a close relationship between the firearm and the other felony offense need not be shown" to enhance a sentence pursuant to § 2K2.1 (b)(5). *United States v. Armstead*, 114 F.3d 504, 511 (5th Cir. 1997). This principle was emphasized in *United States v. Condren*, 18 F.3d 1190, 1198 (5th Cir. 1994), where this Court held that a firearm was possessed "in connection with" a felony drug offense because the guns and drugs were spatially proximate, and the firearm was readily available to the offender.

This Court, however, later narrowed the scope of *Condren* when it held in *United States v. Fadipe* that "[t]he mere possession of a gun near the instruments involved in a *fraudulent loan application scheme* is insufficient to prove that the gun was used 'in connection with' the bank fraud felony for purposes of the application of U.S.S.G. § 2K2.1(b)(5)." 43 F.3d 993, 995 (5th Cir. 1995) (emphasis added). The *Fadipe* court reasoned that "[t]he presence of a gun near instruments of bank fraud does not create the same automatic increase in the danger of physical violence that exists when drugs and guns are present together." *Id.* at 994-995.

The district court in the case *sub judice* did not cite any evidence indicating that the firearms were used to actually facilitate the manufacture or possession of false government instruments; rather, it simply reasoned that the guns and the forged government instruments were seized from the same motel room. The possession of a false government instrument, like the bank fraud at issue in *Fadipe*, is not an offense that inherently provokes the type of violent confrontation compelling offenders to

11

protect themselves with a firearm. *See generally* TEXAS PENAL CODE ANN. § 32.21(b) (Vernon 2003) ("A person commits [forgery] if he forges a writing with intent to defraud or harm another."). We therefore hold that a firearm's proximity to a forged government instrument is not sufficient, by itself, to establish that the firearm was possessed "in connection with" the forgery.

Because the possession of twelve grams of marijuana is not a felony under Texas or federal law, and because the record contains no evidence indicating that Houston's firearms were used to actually facilitate a forgery, we find that the district court clearly erred by enhancing Houston's sentence on the grounds that his firearm-offense was "in connection with" another felony offense pursuant to § 2K2.1(b)(5).

## IV. CONCLUSION

Houston's conviction for statutory rape did not constitute a "crime of violence" pursuant to U.S.S.G. § 4B1.2(a). Furthermore, the district court abused its discretion by finding that Houston's offense "involved" three firearms, and by finding that the firearms were possessed "in connection with" the felony offenses of drug possession and forgery. We therefore VACATE Houston's sentence, and REMAND this matter to the district court for re-sentencing in accordance with this opinion.

12