United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30168
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

DAVID JACOB HENDERSON,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 03-CR-50069-ALL
---------------------

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

     David Jacob Henderson appeals his sentence imposed following his guilty plea conviction for being a felon, an armed career criminal, in possession of a firearm.  Henderson was sentenced to a term of 210 months in prison to be followed by a five-year term of supervised release.

     Henderson argues that there was no evidence that he possessed or controlled the firearms found in his girlfriend's residence.  He asserts that the mere possibility of possession

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

does not equate to actual possession warranting a two-level upward adjustment under U.S.S.G. § 2K2.1(b)(1)(A) to a total offence level of 28.

However, Henderson's possession of firearms had no impact on his sentencing range. His ultimate offence level of 31 was based on a mandatory Chapter Four enhancement for armed career criminals and a two-level reduction for acceptance of responsibility. Henderson has neither contested the fact that he is an armed career criminal nor shown how the two level adjustment under U.S.S.G. § 2K2.1(b)(1)(A) had an effect on his sentencing guideline range.

Assuming the district court considered Henderson's possession of the three firearms in imposing a sentence at the top of the guideline range, such consideration was appropriate. There was reliable evidence in the presentence report and presented at the sentencing hearing that Henderson was aware that the weapons were in the house and that they were accessible to him. The evidence gave rise to a plausible inference that Henderson was in constructive possession of the three firearms found in the house. See United States v. Houston, 364 F.3d 243, 248 (5th Cir. 2004). The district court did not clearly err in making the two-level adjustment pursuant to U.S.S.G. § 2K2.1(b)(1)(A) or in considering Henderson's possession of the firearms at sentencing.

AFFIRMED.