United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50057
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN LYDELL STARKS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CR-15-1
---------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Marvin Lydell Starks appeals his jury convictions for possession with intent to distribute cocaine base within 1000 feet of a school and a firearm violation during the commission of a drug-trafficking offense. He argues that the evidence was insufficient to support either conviction. Because Starks moved for a judgment of acquittal at the close of the Government's case and rested without presenting any evidence, he preserved his challenge to the sufficiency of the evidence. See United States v. Resio-Trejo, 45 F.3d 907, 911 n.6 (5th Cir. 1995).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A review of the trial evidence in the light most favorable to the prosecution demonstrates that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  See United States v. Jaramillio, 42 F.3d 920, 922-23 (5th Cir. 1998).  The evidence established that at the 1312 West Avenue address, Starks had a key to a locked bedroom in which officers found over 200 grams of cocaine base, a loaded .38 caliber revolver, other drug paraphernalia, and paperwork addressed to Starks.  The evidence also established that at the 2918 Madison Avenue Apt. B, address, Starks had constructive possession of over 100 grams of cocaine base, a sack containing plastic bags, a razor blade with white residue, a large men's red jacket with $7350 in cash in a pocket, an envelope addressed to Starks at the 1314 West Avenue address, and a Tanita scale with cocaine residue.  Contrary to Starks's argument, the Government was not required to prove that he had sole access to the residences in which officers found the cocaine base.  See United States v. Houston, 364 F.3d 243, 248 (5th Cir. 2004).  Therefore, the record amply demonstrates that the Government presented sufficient evidence to establish beyond a reasonable doubt that Starks knowingly had constructive possession of over 300 grams of cocaine base with intent to distribute and that the residences were within 1000 feet of a school.  See Jaramillo, 42 F.3d at 922-23.

The evidence was also sufficient to support his conviction for possession of a firearm in furtherance of the commission of a drug-trafficking offense. As noted above, the evidence established that Starks had a key to a locked bedroom in which officers found over 200 grams of cocaine base and a loaded .38 caliber revolver on a night stand next to the drugs. The jury could infer that Starks possessed the firearm in furtherance of the drug-trafficking offense as it was located was within arm's reach or was readily accessible. See United States v. Ceballos-Torres, 218 F.3d 409, 413-15 (5th Cir. 2000). Therefore, the evidence established beyond a reasonable doubt that Starks possessed the firearm in furtherance of the drug-trafficking offense of possession of cocaine base with intent to distribute within 1000 feet of a school. See id.

AFFIRMED.