United States Court of Appeals
Fifth Circuit

**F I L E D**

March 3, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-41016

UNITED STATES OF AMERICA

Plaintiff-Appellee,

v.

DOMINGO LUCIANO-RODRIGUEZ
Defendant-Appellant

Appeal from the United States District Court
For the Southern District of Texas

Before JOLLY, DENNIS, and OWEN, Circuit Judges.

DENNIS, Circuit Judge:

Defendant-Appellant Domingo Luciano-Rodriguez appeals his conviction and sentence for attempted illegal reentry following a prior deportation in violation of 8 U.S.C. §1326. Luciano-Rodriguez claims that the district court erred in enhancing his base offense level based on a finding that his prior conviction for sexual assault constituted a crime of violence under U.S.S.G. §2L1.2(b)(1)(A). Luciano-Rodriguez also argues that the district court erred when it sentenced him under the mandatory guideline

1

regime held unconstitutional in U.S. v. Booker.[1] Lastly, Luciano-Rodriguez raises the issue of whether 8 U.S. C. §1326(b) is unconstitutional in light of Apprendi v. New Jersey.[2] After reviewing the record and the parties' arguments, we vacate Luciano-Rodriguez's sentence and remand to the district for resentencing.

## I.  Background

Domingo Luciano-Rodriguez pleaded guilty before a magistrate judge to attempted illegal reentry following a prior deportation. The district court accepted the plea. Pursuant to U.S.S.G. §2L1.2(b)(1)(A), in the presentence report the probation officer applied a 16-level increase to Luciano-Rodriguez's base offense level due to a prior Texas conviction for sexual assault. Luciano-Rodriguez objected to the enhancement, yet the probation officer maintained that the prior Texas offense constituted a "crime of violence" under the sentencing guideline because it was both a forcible sex offense and had as an element the use, attempted use, or threatened use of physical force against another person.

At sentencing, the district court overruled Luciano-Rodriguez's objection. The district court found that sexual assault did not require the use of force as an element of the offense under Texas law. Further, the district court found that under Texas law all nonconsensual sexual conduct is "inherently

---

[1]125 S. Ct. 738 (2005).

[2]530 U.S. 466 (2000).

2

violent" but concluded that it must look to federal law to determine whether the offense is a "forcible sex offense" under the Sentencing Guidelines. In doing so, the district court concluded that the Texas statute set forth a forcible sex offense because each method of committing the offense required the perpetrator to knowingly use some source of power over the victim to overcome that person's resistance. The district court sentenced Luciano-Rodriguez to 42 months in prison, to be followed by a three-year term of supervised release. Luciano filed a timely notice of appeal.

## II. Standard of Review

This court reviews the district court's interpretation of the Sentencing Guidelines *de novo* where, as here, the issue has been preserved in the district court.[3]

## III. Analysis

### A. Crime of Violence Enhancement

Section 2L1.2(b)(1)(A) provides for a 16-level increase to a defendant's base offense level when the defendant was previously deported after a conviction for a crime of violence. An offense constitutes a "crime of violence" if (1) it has the use of force against another as an element of the offense, or (2) it fits within

---

[3]United States v. Sarmiento-Funes, 374 F.3d 336, 338 (5th Cir. 2004), citing United States v. Ocana, 204 F.3d 585, 588 (5th Cir. 2000).

an enumerated list, which includes "forcible sex offenses".[4]  In the present case, the government does not argue that force is an element of the offense.[5]  Thus, the issue with which this court is concerned is whether Luciano-Rodriguez's prior conviction was for a "forcible sex offense."

Luciano-Rodriguez was previously convicted of violating Texas Penal Code §22.011(a)(1).  Subsection (a)(1) of the statute prohibits intentional or knowing sexual penetration "without the consent" of the other person.  In the general definition section of the Texas Penal Code, "consent" is defined as "assent in fact."[6]  Subsection (b) of Texas Penal Code §22.011, however, provides that "[a] sexual assault under Subsection (a)(1) is without the consent of the other person if: . . ." and then proceeds to list ten different situations.  Several of these situations are consistent with the other person assenting-in-fact to the sexual activity, although the assent is rendered a legal nullity by the statute.

---

[4]U.S.S.G. § 2L1.2, comment. (n.1(B)(iii)).

[5]The government mentions in a footnote that it maintains that sexual penetration without assent has an element of the use of force and, therefore, the 16-level adjustment is also proper under the alternative definition.  (Red Br. at 21 n.7)  This bare assertion in a footnote is insufficient to raise the matter for appellate review.  See Foster v. Townsley, 243 F.3d 210, 212 n.1 (5th Cir. 2001)(issues inadequately briefed are deemed waived). Furthermore, for the reasons stated infra, the Texas statute prohibits some sexual penetration to which the other person has in fact assented.  Thus, this assertion is also irrelevant.

[6]Tex. Pen. Code §1.01(11).

4

For example, §22.011(b)(4) provides that sexual activity is without the consent of the other person if "the actor knows that as a result of mental disease or defect the other person is at the time of the sexual assault incapable either of appraising the nature of the act or of resisting it."  In addition, there is no consent when "the actor is a public servant who coerces the other person to submit or participate", or when the actor is a member of the clergy or is a mental health service provider who exploits the emotional dependency engendered by their position.[7]  In each of these situations, there may be assent in fact but no legally valid consent under the statute.[8]

The fact that the Texas Penal Code allows for the violation of §22.011 even where the other person assents-in-fact to the sexual activity in situations where that assent is rendered a legal nullity makes United States v. Sarmiento-Fuentes the controlling decision on this issue.[9]  In Sarmiento, this court analyzed a Missouri sexual assault statute that prohibited sexual intercourse without the other person's consent.[10]  The court concluded that the

---

[7]See §22.011(b)(7)-(9).

[8]The Texas courts have recognized that one may violate §22.011 even if the other person assents-in-fact.  See, e.g., Rider v. State, 735 S.W.2d 291, 293 (Tex. App.-Dallas 1987)(stating that whether the victim actually consented is irrelevant to determining whether a defendant violated §22.011(b)(4)).

[9]374 F.3d 336 (5th Cir. 2004).

[10]Id.

statute did not have an element of physical force against another person because under Missouri law "consent" and "assent" are distinguished, and the statute could be violated when the victim "assented" or factually consented to the sexual contact even "though that assent is a legal nullity, such as when it is the product of deception or a judgment impaired by intoxication."[11] The court also found that the prior violation of the Missouri statute did not constitute a "forcible sex offense" because it did not require "force or threatened force extrinsic to penetration."[12] The court concluded that not all the conduct criminalized by the Missouri statute could be considered a forcible sex offense.[13] Ultimately, the court held that the defendant's prior sexual assault conviction did not qualify as a "crime of violence" for purposes of sentence enhancement.[14]

Like the Missouri sexual assault statute at issue in Sarmiento, Texas Penal Code §22.011 criminalizes assented-to-but-not-consented-to conduct. Moreover, the element of force is absent from those subsections of the statute.[15] Accordingly, under this

---

[11]Id. at 341.

[12]Id. at 345.

[13]Id. at 344–45.

[14]Id. at 339–42.

[15]In its decision, the district court determined that a violation of §22.011 is a "forcible sex offense" because each method of commission required requires that the actor "penetrate

6

court's reasoning in <u>Sarmiento</u>, the district court in the instant appeal erred in applying the 16-level crime of violence sentence enhancement. This error was not harmless because, without the increase, Luciano-Rodriguez's total offense level would have been thirteen, which, with a criminal history category of II, would have resulted in a sentencing range of fifteen to twenty-one months under the Sentencing Guidelines - far less than the forty-two month sentence imposed. Therefore, Luciano-Rodriguez's sentence is vacated and his case is remanded to the district court for resentencing.

**B.  Application of Mandatory Sentencing Guidelines**

As a result of the Supreme Court's decision in <u>United States v. Booker</u>, it is an error for a sentencing court , under a mandatory sentencing guideline, to impose a sentence enhanced by facts not admitted by the defendant or found by the jury.[16] Additionally, <u>Booker</u> effectively rendered the Sentencing Guidelines advisory only.[17]  In the instant appeal, the only enhancement to Luciano-Rodriguez's sentence made by the district court related to Luciano-Rodriguez's prior convictions, which after <u>Booker</u> may still

the victim using either the power of the person, the power of their position, or the power of mind altering substances." Nothing in this court's precedent, however, equates emotional manipulation by a clergyman or a mental health professional with the use of force.

[16]125 S. Ct. 738.

[17]<u>Id.</u> at 764.

be used without a defense admission or a jury finding.[18]  Any error of the district court in imposing a sentence under a mandatory application of the Sentencing Guidelines is rendered moot by this Court's decision to vacate Luciano-Rodriguez's sentence and remand for resentencing.

**C.   Constitutionality of 8 U.S.C. §1326(b)(1) and (2)**

The Appellant admits that this claim is foreclosed by <u>Almendarez-Torres v. United States</u>.[19]  He merely raises it to preserve the issue for Supreme Court review.

**IV. Conclusion**

Because this Court finds that <u>Sarmiento</u> is controlling, the district court erred in applying the 16-level crime of violence sentence enhancement.  This error was not harmless and, therefore, Luciano-Rodriguez's sentence is VACATED and his case is REMANDED to the district court for resentencing.

---

[18]<u>Id.</u> at 756.

[19]523 U.S. 224 (1998).

E. GRADY JOLLY, Circuit Judge, specially concurring:

I concur with Judge Dennis's opinion to the extent that it holds that the outcome in this case is controlled by United States v. Sarmiento-Funes, 374 F.3d 336 (5th Cir. 2004). Judge Owen's dissent is a well-reasoned, scholarly effort reaching a different conclusion, but I cannot agree that the outcome here is not controlled by Sarmiento-Funes. I reach this conclusion notwithstanding the 2003 amendments to the Sentencing Guidelines. Nevertheless, I do believe that Sarmiento-Funes was incorrectly decided because, in my view, "forcible sexual offense", as used in the Guidelines, both before and after the 2003 amendments, reasonably can be defined as any criminalized sexual assault when the absence of consent is either actual or legal. I would reason similarly as Judge Owen has in her dissent. Still, I cannot concur because I view her dissent and Sarmiento-Funes as irreconcilable and this panel has no authority to overrule that decision. Therefore, I hope that our court will take this case en banc to reconsider our previous reasoning.

9

PRISCILLA R. OWEN, Circuit Judge, dissenting:

I respectfully dissent in part. I would hold that sexual intercourse without legally effective consent is within the scope of "forcible sex offenses" and therefore is a "crime of violence" within the meaning of section 2L1.2 of the Sentencing Guidelines. I differ with the majority's conclusion that the decision in *United States v. Sarmiento-Funes*[20] is controlling. The Sentencing Guidelines have been amended since that case was decided, and those amendments clarify the intended meaning of "forcible sex offenses." I agree with the majority's resolution of the other issues presented.

**I**

The district court applied a 16-level increase to Luciano-Rodriguez's base offense level because the court concluded that Luciano-Rodriguez had been convicted in a Texas state court of a "crime of violence," namely a "forcible sex offense[]," within the meaning of section 2L1.2 of the Sentencing Guidelines.[21] Luciano-Rodriguez was convicted in state

---

[20]374 F.3d 336 (5th Cir. 2004).

[21]The complete definition of a "crime of violence" in the applicable version of section 2L1.2 is:

"Crime of violence" means any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

court under the 1996 version of Texas Penal Code section 22.011.  The indictment in the state-court proceedings asserted that he "intentionally and knowingly cause[d] the penetration of the female sex organ of Jane Doe by defendant's sex organ, without the consent of Jane Doe."  Luciano-Rodriguez signed a judicial confession and stipulation pleading guilty as charged in the indictment.  The state court judgment reflects that Luciano-Rodriguez pleaded guilty to "the offense of Sexual Assault, a felony of the Second Degree" after having been "advised by the Court of the elements of the offense."  However, there are a number of alternative means of violating Texas Penal Code section 22.011, and the state-court record does not reflect the precise elements to which Luciano-Rodriguez pleaded guilty.  Under the categorical approach that we must apply, each of the alternative means of violating section 22.011 must constitute a "crime of violence," in this case a "forcible sex offense[]," or else the 16-level enhancement should not have been used in calculating the sentencing range under the Guidelines.[22]

U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 2L1.2, cmt. n.1(B)(iii) (effective November 1, 2003).  This definition remains unchanged in the current version of the Guidelines.  *See* U.S.S.G. § 2L1.2, cmt. n.1(B)(iii) (2005).

[22]*See, e.g., United States v. Gonzalez-Chavez*, 432 F.3d 334, 337 (5th Cir. 2005); *United States v. Bonilla-Mungia*, 422 F.3d 316, 320 (5th Cir. 2005).

## II

The Texas Penal Code generally defines "consent" as "assent in fact, whether express or apparent."[23]  The Texas sexual assault provision under which Luciano-Rodriguez was convicted specifically provided that:

> (b)  A sexual assault under Subsection (a)(1) is without the consent of the other person if:
> (1) the actor compels the other person to submit or participate by the use of physical force or violence;
> (2) the actor compels the other person to submit or participate by threatening to use force or violence against the other person, and the other person believes that the actor has the present ability to execute the threat;
> (3) the other person has not consented and the actor knows the other person is unconscious or physically unable to resist;
> (4) the actor knows that as a result of mental disease or defect the other person is at the time of the sexual assault incapable either of appraising the nature of the act or of resisting it;
> (5) the other person has not consented and the actor knows the other person is unaware that the sexual assault is occurring;
> (6) the actor has intentionally impaired the other person's power to appraise or control the other person's conduct by administering any substance without the other person's knowledge;
> (7) the actor compels the other person to submit or participate by threatening to use force or violence against any person, and the other person believes that the actor has the ability to execute the threat;
> (8) the actor is a public servant who coerces the other person to submit or participate;
> (9) the actor is a mental health services provider who causes the other person, who is a patient or former patient of the actor, to submit or participate by exploiting the other person's emotional dependency on the actor; or
> (10) the actor is a clergyman who causes the other person to submit or participate by exploiting the other person's emotional dependency on the clergyman in the clergyman's professional character as spiritual adviser.[24]

---

[23]TEX. PENAL CODE § 1.07(a)(11) (Vernon 2005).

[24]TEX. PENAL CODE § 22.011(b) (Vernon 1996).

12

Although the majority opinion does not point to any particular provision in Texas Penal Code section 22.011(b), it concludes that at least one of the foregoing subsections "criminalizes assented-to-but-not-consented-to conduct."[25] The plain text of the Texas statute, however, says otherwise. It specifically provides that there is no assent in fact, express or implied, under any of the circumstances enumerated in subsection 22.011(b): "A sexual assault under Subsection (a)(1) is without the consent [assent in fact, whether express or apparent] of the other person if . . . ." This should make clear that in *all* the circumstances described in section 22.011(b), there is no assent in fact under Texas law because the victim was forced or coerced into submitting, the victim did not assent and could not physically resist, or the victim did not have the *ability* or *mental capability* to give assent. By statutory definition, there is no assent in fact in any of the subdivisions of section 22.011(b). However, that should not be dispositive of whether each of the ways in which Texas Penal Code section 22.011(a)(1) may be violated is within the ambit of "forcible sex offenses." That determination must be made with reference to the "generic, contemporary meaning" of "forcible sex offenses" for the reasons discussed below.[26]

---

[25]*Ante* at __.

[26]*See United States v. Dominguez-Ochoa*, 386 F.3d 639, 642-43 (5th Cir. 2004), *cert. denied*, 543 U.S. 1131 (2005).

## III

The term "forcible sex offenses" is not defined in the Sentencing Guidelines. Therefore, in applying this term, "we must define it according to its 'generic, contemporary meaning,' and should rely on a uniform definition, regardless of the 'labels employed by the various States' criminal codes.'"[27]

In *Taylor v. United States*,[28] the Supreme Court was called upon to define "burglary" as that term was used in 18 U.S.C. § 924(e), which was an enhancement enacted as part of the Career Criminals Amendment Act of 1986. The Supreme Court concluded that it should not look to the common-law definition of burglary, observing "the contemporary understanding of 'burglary' has diverged a long way from its commonlaw roots."[29] The Court also surveyed various state statutes regarding burglary, noting the many variations across state law.[30] Because of these differences, the Court reasoned that "'burglary' in § 924(e) must have some uniform definition independent of the labels employed by the various States' criminal codes."[31] The Court nevertheless decided that in spite of the variations, "Congress meant by 'burglary' the generic sense in which the term is now used

---

[27]*Id.* (quoting *Taylor v. United States*, 495 U.S. 575, 592, 598 (1990)).

[28]495 U.S. at 577-78.

[29]*Id.* at 593.

[30]*Id.* at 591.

[31]*Id.* at 592.

14

in the criminal codes of most States."[32] "Although the exact formulations vary, the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime."[33] The Court cited a treatise by LaFave and Scott and the Model Penal Code in arriving upon "the generic, contemporary meaning of burglary."[34]

Unlike the term burglary, "forcible sex offense[]" is not commonly used in state statutes,[35] nor is it found in the Model Penal Code[36] or the treatise by LaFave. The term is not limited to "rape" when used in section 2L1.2 of the Sentencing Guidelines. In fact, the pre-2003 version expressly included "sexual abuse of a minor" among "forcible sex offenses," and as will be considered in more detail below, the subsequent 2003 amendments separately enumerating "sexual abuse of a minor" were intended only to clarify, not expand the scope of "forcible sex offenses." Accordingly, we know that a variety of sexual offenses, including some that do not necessarily involve physical force, are included within "forcible sex offenses."

As noted, the Model Penal Code does not use the term "forcible sex offense," but it

---

[32]*Id.* at 598.

[33]*Id.*

[34]*Id.* at 598 & n.8 (citing W. LaFave & A. Scott, Substantive Criminal Law § 8.13, p. 464 (1986), and American Law Institute, Model Penal Code § 221.1 (1980)).

[35]*See generally* Wayne R. LaFave, Substantive Criminal Law § 17.3 (2d ed. 2003).

[36]*See* Model Penal Code §§ 213.1–213.6 (2001).

does address a range of sexual conduct. It concludes that the "subject of rape and related sex offenses" is "complex and controversial" and therefore "seeks to introduce a rational grading scheme."[37] It states "the Model Code does not criminalize consensual sexual conduct between adults."[38] It thus logically follows that sexual conduct between adults criminalized by the Model Penal Code is not deemed "consensual sexual conduct" by that Code. Various forms of sexual conduct that may involve assent in fact, as defined by the majority opinion in today's case, is criminalized by the Model Penal Code,[39] and it criminalizes some forms

---

[37]MODEL PENAL CODE, Explanatory Note for Sections 213.1-213.6 (2001).

[38]*Id.*

[39]Section 213.1(1) of the Model Penal Code, entitled "Rape and Related Offenses," provides that "[a] male who has sexual intercourse with a female not his wife is guilty of rape if," among other listed situations, "he has substantially impaired her power to appraise or control her conduct by administering or employing without her knowledge drugs, intoxicants or other means for the purpose of preventing resistance." Section 213.1(2) also provides that "[a] male who has sexual intercourse with a female not his wife commits a felony of the third degree if," among other listed conduct, "he knows that she suffers from a mental disease or defect which renders her incapable of appraising the nature of her conduct," or he knows "that she submits because she mistakenly supposes that he is her husband." Each of these offenses is a felony under the Model Penal Code.
Section 213.3 of the Model Penal Code, entitled "Corruption of Minors and Seduction," provides that the following are misdemeanors:
(1) A male who has sexual intercourse with a female not his wife, or any person who engages in deviate sexual intercourse or causes another to engage in deviate sexual intercourse, is guilty of an offense if:
. . . .
(c) the other person is in custody of law or detained in a hospital or other institution and the actor has supervisory or disciplinary authority over him; or

16

of sexual conduct in which the victim's ability to consent is impaired or non-existent.[40]

However, it does not appear that any provision of the Model Penal Code, including section 213.4, which addresses sexual contact short of intercourse, would be violated under the circumstances described in either subsections 9 or 10 of Texas Penal Code section 22.011(b), dealing, respectively, with mental health services providers and clergymen who obtain submission to sexual intercourse "by exploiting the other person's emotional dependency."[41]

LaFave's treatise deals with rape but not other sexual offenses. It considers at some length the varying state laws regarding rape, discussing whether force or consent or both are taken into account and if so, the differing ways in which that is done.[42] The treatise also explains the "extrinsic force standard," which "ordinarily requires proof of use of force or threat of force," and the "intrinsic force standard," which "is the directly contrary proposition, namely, that such inherent force itself suffices."[43] Notwithstanding the variety of state laws and the difference between the extrinsic and intrinsic force standards, the

---

(d) the other person is a female who is induced to participate by a promise of marriage which the actor does not mean to perform.

[40]*See id.* § 213.1(2) (providing that a man who has sexual intercourse with a female not his wife commits a felony if "he knows that she suffers from a mental disease or defect which renders her incapable of appraising the nature of her conduct . . . or he knows that she is unaware that a sexual act is being committed upon her").

[41]TEX. PENAL CODE § 22.011(b)(9), (10) (Vernon 1996).

[42]LaFAVE, *supra* note 16 § 17.03.

[43]*Id.* § 17.03(a), at 622.

LaFave treatise concludes: "Collectively, these [more recent as well as older] cases suggest this generalization: that intrinsic force is sufficient to prove force, but that extrinsic force must be established whenever the case is one in which consent by the victim is neither impossible nor legally irrelevant. This squares with the force-as-an-element, force-as-proof-of-nonconsent dichotomy noted earlier."[44]  It would seem that under this generalization, sexual intercourse without legally effective consent of the victim would involve an element of force and would constitute rape under most state laws.

**IV**

While the Model Penal Code and LaFave's treatise provide some information, the fact remains that the term "forcible sex offenses" is not widely used in the case law, statutes, or scholarly writings. The best source of the Sentencing Commission's intent is the Sentencing Guidelines Manual itself, including the commentary and the history of its promulgation. Before November 1, 2003, the definition of "crime of violence" in the commentary to section 2L1.2 of the Sentencing Guidelines was as follows:

> (I) means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and
> (II) includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.[45]

The foregoing definition was amended in 2003 to provide:

---

[44]*Id.* § 17.03(a), at 623.

[45]U.S.S.G. § 2L12 cmt. n.1(B)(ii) (2002) (amended effective November 1, 2003).

18

"Crime of violence" means any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.[46]

The Sentencing Commission's stated reason for the amendment was as follows:

[T]he amendment adds commentary that clarifies the meaning of the term "crime of violence" by providing that the term "means any of the following: . . . ." The previous definition often led to confusion over whether the specified offenses listed in that definition, particularly sexual abuse of a minor and residential burglary, also had to include as an element of the offense "the use, attempted use, or threatened use of physical force against the person of another." The amended definition makes clear that the enumerated offenses are always classified as "crimes of violence," regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another.[47]

Significantly, the amendment enumerated "statutory rape" as an offense to "clarif[y]" the term "crime of violence." The Commission did not say it was expanding the list of enumerated offenses in the definition of "crime of violence." This strongly implies that the Sentencing Commission had previously intended statutory rape to be included among "forcible sex offenses" just as it had intended "sexual abuse of a minor" to be among "forcible sex offenses." As previously noted, the pre-2003 commentary defined "crime of violence" as "forcible sex offenses (including sexual abuse of a minor)."[48]

---

[46]U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (effective November 1, 2003).

[47]U.S.S.G. app. C, amend. 658, at 401-02 (2003).

[48]U.S.S.G. § 2L1.2 cmt. n.1(B)(ii)(II) (2002) (amended effective November 1, 2003).

19

Unquestionably, there can be assent in fact in a statutory rape case, but that assent has no legal effect. It seems highly unlikely that the Sentencing Commission intended a 16-level increase for statutory rape, but not for rape of an adult when there was no legally effective consent. Texas Penal Code section 22.011(b) was intended to protect those who are legally *incapable* of giving consent or assent in fact, just as statutory rape statutes are intended to protect those minors whom the law deems incapable of giving consent. At least one Texas state court decision has confirmed that "[t]he purpose of the effective consent provision of section 22.011(b) is to protect those whom the law deems incapable of consent. If the law deems [a] complainant incapable of giving consent, *he is also incapable of withholding consent*."[49] This means that even if a victim did not resist or said "yes" to sexual intercourse, the victim was incapable of resisting or saying "no" under the circumstances set forth in section 22.011(b). Each subsection of Texas Penal Code section 22.011(b) that does not have an element of force, threatened force, or coercion contemplates that the victim does not have the mental or emotional *capacity* to give consent to sexual intercourse with the actor at the time of the act.

I agree with the district court in this case that the act of sexual intercourse is inherently and intrinsically forceful when there is no legally effective consent. But even if reasonable minds differ on that score, the history behind the definition of "forcible sex

---

[49]*Rider v. Texas*, 735 S.W.2d 291, 293 (Tex. App.–Dallas 1987, no writ) (emphasis added).

20

offenses" under section 2L1.2 convinces me that sexual intercourse without legally effective consent is within the scope of that term.

## V

The decision in *United States v. Sarmiento-Funes*[50] construed and applied the pre-2003 amendments to section 2L1.2 of the Sentencing Guidelines. The Court did not consider the impact of the express inclusion of statutory rape among the enumerated offenses constituting "crime[s] of violence" as a "clarif[ication]" in 2003.

The *Sarmiento-Funes* decision considered two separate definitions of "crime of violence." It first concluded that the Missouri sexual assault statute under consideration did not have "as an element the use, attempted use, or threatened use of physical force" within the meaning of the former Guidelines' section 2L1.2.[51] In reaching that conclusion, the *Sarmiento-Funes* decision relied heavily on another decision of this court, *United States v. Houston*, which held that a prior statutory rape conviction based on consensual sexual intercourse between a 20-year-old man and a female at least one day younger than 17 years old was not a "crime of violence" as that term was defined in section 4B1.2 of the Guidelines because the statute under which the defendant was convicted did not require "use of physical force" as an element of the crime.[52] The 2003 amendments to the definition of "crime of

---

[50]374 F.3d 336 (5th Cir. 2004).

[51]*Id.* at 341 (construing MO. ANN. STAT. § 566.040(1) (West 1999)).

[52]*Id.* at 340-41 (discussing *United States v. Houston*, 364 F.3d 243, 246-47 (5th Cir. 2004)). The decision in *Houston* additionally

21

violence" in section 2L1.2 were not duplicated in the definition of that term in section 4B1.2, so that the term "crime of violence" differs between the two sections in that regard as well as others. Even if *Houston*'s reasoning that statutory rape does not have as an element the use of "physical force" survives, which I need not debate in this case, statutory rape is nevertheless expressly a "crime of violence" under section 2L1.2.

The decision in *Sarmiento-Funes* also examined the meaning of "forcible sex offenses." It recognized that this phrase included sexual abuse of a minor even though that offense does not have force as an element because "sexual abuse of a minor is essentially *sui generis* and does not need to be otherwise 'forcible.'"[53] Notwithstanding its recognition that "forcible sex offenses" included at least one offense in which force was not an element, the court ultimately concluded that

> [i]n the absence of an authoritative definition of 'forcible sex offense,' we believe that the most natural reading of the phrase suggests a type of crime that is narrower than the range of conduct prohibited under [the Missouri statute]. In particular, it seems that the adjective 'forcible' centrally denotes a species of force that either approximates the concept of forcible compulsion or, at least, does not embrace some of the assented-to-but-not-consented-to conduct at issue here.[54]

---

held that "sexual intercourse between a 20 year old male and a female a day under 17, free of aggravating circumstances such as the victim's lack of consent or the offender's use of violence, does not present a serious potential risk of physical injury." 364 F.3d. at 248. The definition of "crime of violence" in section 4B1.2 included conduct that "by its nature, presented a serious potential risk of physical injury to another," while section 2L1.2 does not include such a phrase.

[53]*Id.* at 344.

[54]*Id.*

We now have a more "authoritative definition" of "forcible sex offenses," as discussed above, based on the amendments to section 2L1.2. I therefore conclude that *Sarmiento-Funes* cannot be controlling on this issue.

## VI

This case is being remanded based on the majority opinion's holding that Luciano-Rodriguez's prior state-court conviction was not a forcible sex offense. I note that on remand, the Sentencing Guidelines are advisory, and the district court may depart upwardly from the Guidelines in its discretion after considering the factors in 18 U.S.C. § 3553(a). It may impose the same sentence that it previously imposed as long as that sentence is reasonable.[55]

In conclusion, I respectfully dissent.

---

[55]*United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005) (citing *United States v. Booker*, 543 U.S. 220, 262 (2005)).