United States Court of Appeals
Fifth Circuit

**F I L E D**

September 20, 2006

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 06-30065
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

RONNIE COLEMAN,

Defendant-Appellant.

--------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:05-CR-50039
--------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Ronnie Coleman appeals his sentence after pleading guilty to possession of a firearm by a

convicted felon in violation of 18 U.S.C. § 922(g)(1). Finding no reversible error, we affirm.

Coleman argues that the district court abused its discretion in refusing to appoint a mitigation

investigator under the Criminal Justice Act, 18 U.S.C. § 3006A(e)(1). He has not established that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he is entitled to relief on this ground. *See United States v. Castro*, 15 F.3d 417, 421-22 (5th Cir. 1994).

Coleman argues that the district court erred in applying a two-level enhancement to his offense level computation based on the Presentence Report finding that "the offense involved three or more firearms" under U.S.S.G. § 2K2.1(b)(1)(A). Coleman also argues that the district court erred in applying a four-level enhancement to his offense level computation after finding that the firearms he possessed unlawfully were "possessed . . . in connection with another felony offense" under U.S.S.G. § 2K2.1(b)(5). Coleman did not present any evidence rebutting the Presentence Report. The district court's finding that Coleman constructively possessed at least three firearms and that Coleman possessed the firearms in connection with felony possession of drugs with the intent to distribute them was plausible "in light of the record as a whole." *United States v. Yi*, 451 F.3d 362, 373 (5th Cir. 2006) (internal quotation marks and citations omitted); *see also United States v. Houston*, 364 F.3d 253, 248 (5th Cir. 2004); *United States v. Condren*, 18 F.3d 1190 (5th Cir. 1994).

Coleman claims that the district court erred by sentencing Coleman under a mandatory guidelines regime, but the district court explicitly acknowledged at sentencing that the Guidelines are no longer mandatory. Coleman also argues that the district court erred by increasing his sentence on the basis of facts neither admitted by him nor found by a jury beyond a reasonable doubt. Because the district court was not operating under a mandatory guidelines regime when it sentenced Coleman, the district court was authorized to find pertinent sentencing facts. *United States v. Mares*, 402 F.3d 511, 516-20 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005).

Coleman argues that his sentence was unreasonable. The district court imposed a sentence within the guidelines range, which is therefore presumptively reasonable. *See United States v. Smith*, 440 F.3d 704, 706-07 (5th Cir. 2006); *United States v. Alonso*, 435 F.3d 551, 554 (5th Cir. 2006).

Coleman has not identified any § 3553(a) factor that the district court did not specifically consider as supporting the sentence it imposed.  AFFIRMED.