IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 14, 2007**

Charles R. Fulbruge III
Clerk

No. 06-20450

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ALEJANDRO NOLASCO-GOMEZ, also
known as Alejandro Gomez Nolasco,
also known as Alejandro Nolasco

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. 4:05-CR-419-ALL

Before REAVLEY, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Alejandro Nolasco-Gomez pleaded guilty to illegal re-entry and received a 57-month sentence. He now appeals his sentence. For the reasons that follow, we affirm.

1. Nolasco-Gomez first argues that the district court erred in its guideline calculation of 57 to 71 months because that calculation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assumed that his prior conviction for indecency with a child was a crime of violence within the meaning of U.S.S.G. § 4A1.1(f). We agree. See United States v. Houston, 364 F.3d 243, 247–48 (5th Cir. 2004).

Although we normally remand when the district court errs in determining the Guideline range, we do not when the sentence given was not selected "as a result of" the incorrect Guideline calculation. See United States v. Duhon, 440 F.3d 711, 716 (5th Cir. 2006) (citing 18 U.S.C. § 3742(f)), petition for cert. filed (May 18, 2006) (No. 05-11144). Here, the district court imposed a sentence that was still within the correctly calculated guideline range and explained that independent of whether the defendant's previous crimes were "crimes of violence," he would impose the same sentence based on the circumstances of the defendant's case. Under the facts presented here, the district court's sentence was not given as a result of the incorrect Guideline calculation and was reasonable. Id.; see also United States v. Medina-Argueta, 454 F.3d 479, 483 (5th Cir. 2006).

2.   Nolasco-Gomez also argues that the "felony and "aggravated felony provisions" of 8 U.S.C. § 1326(b)(1) and (2) cannot constitutionally be applied to him. As he concedes, however, this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998).

AFFIRMED.