# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 18, 2021

Lyle W. Cayce
Clerk

No. 20-30553
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAMES ALBERT MAYO, III,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:16-CR-6-1

---

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

James Albert Mayo, III, was convicted of possession of ammunition by a felon in violation of 18 U.S.C. § 922(g)(1), and he was sentenced to serve 51 months in prison and a three-year term of supervised release. Now, he raises challenges to his sentence and the jury's verdict.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30553

First, Mayo contends that the district court erred by imposing a U.S.S.G. § 2K2.1(b)(4)(A) adjustment because the jury did not find that he possessed a firearm, nor did the evidence suffice to show that he possessed it. "[A] jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." *United States v. Watts*, 519 U.S. 148, 156 (1997); *see also United States v. Valdez*, 453 F.3d 252, 264 (5th Cir. 2006). Additionally, review of the record supports the district court's conclusion that a preponderance of the evidence shows that Mayo possessed the disputed stolen firearm. *See Watts*, 519 U.S. at 156; *United States v. Houston*, 364 F.3d 243, 248 (5th Cir. 2004).

Next, Mayo argues that the verdict cannot stand because the indictment charged that he possessed both a firearm and ammunition and the jury found only that he possessed ammunition. This argument is unavailing because offenses may be charged conjunctively and proven disjunctively. *See United States v. Dickey*, 102 F.3d 157, 164 n.8 (5th Cir. 1996).

AFFIRMED.