# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 1, 2022

Lyle W. Cayce
Clerk

No. 21-30627
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NATHANIEL W. TURNER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CR-76-1

Before HIGGINBOTHAM, GRAVES, and HO, *Circuit Judges*.

PER CURIAM:*

Nathaniel W. Turner was found guilty by a jury of drug and firearm offenses. He was sentenced to a total of 200 months of imprisonment, followed by five years of supervised release. On appeal, he argues that the district court erred in admitting jail call recordings into evidence because they

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

were improperly authenticated and that the district court erred in applying a sentencing enhancement under U.S.S.G. § 2K2.1(b)(1)(A) because the Government failed to prove that he possessed two of the firearms attributed to him.

Although it is questionable whether Turner preserved his evidentiary challenge for appeal, it is not necessary to decide the standard of review, as the district court did not err in admitting the jail call recordings. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008); *United States v. Biggins*, 551 F.2d 64, 66 (5th Cir. 1977). The testimony regarding the recording and retrieval of the calls as well as the identification of Turner as a participant on the calls supports the district court's finding that the recordings were sufficiently authenticated. *See United States v. Buchanan*, 70 F.3d 818, 827 (5th Cir. 1995); *see also United States v. Johnson*, 943 F.3d 214, 220-21 (5th Cir. 2019); *Biggins*, 551 F.2d at 66. Turner's arguments regarding authentication implicate only the weight of the evidence and not its admissibility. *See United States v. Isiwele*, 635 F.3d 196, 200 (5th Cir. 2011).

Next, the district court did not clearly err in determining that Turner possessed the HK P30 pistol and the Ruger P95 pistol because the record, including the unrebutted facts in the presentence report, supports the plausible inference that Turner constructively possessed them both. *See United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013); *United States v. Houston*, 364 F.3d 243, 248 (5th Cir. 2004); *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998).

AFFIRMED.