# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 5, 2010

Charles R. Fulbruge III
Clerk

No. 09-10124
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BILLY PETERS,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:08-CR-13-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

A jury convicted Billy Peters of being a felon in possession of a firearm. The district court sentenced him to a term of sixty-three months. On appeal, he argues that his conviction should be vacated because the Government failed to prove that he had actual knowledge that the gun and ammunition he possessed had crossed state lines. We AFFIRM.

Peters acknowledged that this court has rejected his argument. *See United States v. Dancy*, 861 F.2d 77 (5th Cir. 1988). He seeks our second look

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-10124

at the issue, though, contending that a recent Supreme Court decision changed the law and effectively overruled *Dancy*. *See Flores-Figueroa v. United States*, 129 S. Ct. 1886 (2009). This court has already taken another look, as we will discuss.

The felon-in-possession statute forbids a person "who has been convicted in any court, of a crime punishable by imprisonment for a term exceeding one year," as relevant here, "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition . . . ." 18 U.S.C. § 922(g). This statute makes no reference to knowledge. *Id*. However, the penalty provision provides that a certain sentence shall be imposed if the offender "knowingly violates," as relevant here, Section 922(g). *Id*. § 924(a)(2).

Peters argues that the word "knowingly" in this statute is analogous to its use in 18 U.S.C. § 1028A(a)(1), an identity-theft statute. The Supreme Court held that "knowingly" in that statute applied to each element of the offense that follows it, giving the Government the burden to prove that a defendant had knowledge of each element of the offense. *Flores-Figueroa*, 129 S. Ct. at 1890-91.

Peters argues that similarly, the Government must prove that he had knowledge relating to each element of his offense, including that the firearm affected interstate commerce.

The Government moved for summary affirmance, arguing that *Flores-Figueroa* did not overrule *Dancy* and thus that the rule in *Dancy* remains good law and forecloses Peters's argument.

We denied the Government's motion, and the briefing continued. Since then, though, we have rejected the argument that *Flores-Figueroa* overruled *Dancy*. *See United States v. Rose*, 587 F.3d 695, 703 n.6, 705-06 (5th Cir. 2009). In his reply brief, Peters argues that *Rose* is not controlling because the relevant

No. 09-10124

language is dictum.  That is not true.  The determination that the "knowingly" requirement in Section 924(a)(2) did not extend to Section 922(g)(1) was an alternate holding, not dictum, and thus is binding precedent.  *See United States v. Bueno*, 585 F.3d 847, 850 n.3 (5th Cir. 2009).

Peters also argues that by proving only that the gun he possessed had crossed state lines, the Government did not meet its burden to prove that the gun was in or affected interstate commerce.  He contends that the Government must prove a more substantial effect on interstate commerce than mere movement from one state to another at an undeterminable time in the past, relying on *United States v. Lopez*, 514 U.S. 549 (1995).  He also argues that this court's decisions to the contrary have been undermined by Supreme Court authority.  *See United States v. Morrison*, 529 U.S. 598 (2000); *Jones v. United States*, 529 U.S. 848 (2000).  Here too, as Peters concedes, his argument is foreclosed by this court's precedent.  *See United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001).

Accordingly, the district court's judgment is AFFIRMED.