# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2011

No. 10-10257

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRUCE WAYNE POTTS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before SMITH, DeMOSS, and OWEN, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Bruce Potts appeals his three-count conviction and sentence for being a felon in possession of a firearm.  Finding no reversible error, we affirm.

I.

In December 2008, Officer Paul James of the Dallas Police Department re-

No. 10-10257

sponded to a call reporting a car speeding down a street. On arriving at the location, James observed a vehicle driven by Potts, in the parking lot of a closed restaurant, that began to move in a manner he believed indicated an attempt to leave the lot.

James instructed Potts to park the car and shut off the engine. Potts began to reach under his seat, at which point James ordered Potts to show his hands. Potts did not immediately comply with that command and instead continued to reach under the seat. James approached the vehicle and ordered Potts to exit the car. Potts complied, and James was able to see that a firearm was protruding from under Potts's seat.

James examined the firearm, handcuffed Potts, and sat him down on the street curb. James then asked Potts whether the gun belonged to him, but Potts did not respond. A search was conducted of the car, which yielded two additional firearms and some ammunition. Potts was then arrested.

Potts was tried for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At trial, the prosecution elicited testimony from James regarding Potts's silence after being asked who owned the pistol. Potts objected to that testimony, leading to the following exchange out of the hearing of the jury:

> DEFENSE:       Your Honor, I object to the government eliciting testimony that the defendant did not give a statement. He's under no obligation for him to do that at all. I don't think it's proper for them to ask about.
>
> PROSECUTION:  He wasn't placed under arrest, whether or not he made any res gestae statements is . . .
>
> COURT:          Your contention is that it violates the Fifth Amendment?

2

No. 10-10257

DEFENSE:         That's correct.

COURT:           He's not being interrogated.  He's not under ar-
                 rest at that point.

DEFENSE:         We're just?

COURT:           I could instruct the jury that he was not obligated
                 to answer questions of the authorities and there
                 is no crime associated with him doing so, if you
                 would like me to do that.

DEFENSE:         Yeah.

Following that exchange, the court instructed the jury "that Mr. Potts did not have a legal obligation to respond to the officer's questions and there's no violation of the law associated with his declining to do so, if in fact he did that," and the court allowed the prosecution to continue its questioning.  Potts did not reassert his objection to the testimony, object to the instruction, or move for a mistrial.

The government again referenced Potts's silence during its closing argument.  Potts objected, not on any Fifth Amendment ground but on the ground that the prosecution was attempting to shift the burden of proof.  The court instructed the jury that the government had the burden of proof and denied Potts's subsequent motion for a mistrial on that basis.

The jury found Potts guilty, and the court sentenced him to thirty months' imprisonment, to be served consecutively to certain state sentences that had yet to be imposed.  On appeal, Potts raises three arguments: (1) that the government violated his Fifth Amendment right against self-incrimination by referencing, during trial, his silence in response to police questioning; (2) that the government was required to prove that Potts knew the firearm in his possession had moved in interstate commerce; and (3) that the district court erred in requiring

No. 10-10257

Potts to serve his federal sentence consecutively to a state sentence that had not yet been imposed.

II.

Ordinarily, we review a constitutional question *de novo*. *United States v. Pando Franco*, 503 F.3d 389, 393 (5th Cir. 2007). If, however, a defendant—as here—does not properly preserve his claim, we review for plain error. *United States v. Salinas*, 480 F.3d 750, 755 (5th Cir. 2007).

Potts argues that he preserved his constitutional claim when he lodged an objection to James's testimony. His mere objection, however, does not suffice. In *Salinas*, 480 F.3d at 755, we held that plain-error review was appropriate for a Fifth Amendment claim even though defense counsel "timely objected to each of the prosecutor's references to [the defendant's] post-arrest silence," because "the trial court sustained all of those objections, and the trial court's instructions to the jury made it clear that the jury was not to consider any of the challenged remarks." Furthermore, we remarked that the defense "never took exception to the district court's handling of his objections and, significantly, . . . never requested that the district court declare a mistrial." *Id*. at 755-56. Plain error review was appropriate, because the defendant "effectively received all of the relief that he requested from the district court." *Id*. at 756.

*Salinas* is not directly controlling, because the court did not explicitly sustain Potts's objections, but the principles of *Salinas* inform us. As with the defendant in *Salinas*, Potts never raised any concerns with how the district court chose to handle his objection, and Potts explicitly agreed to the court's proffered curative statement.

Potts argues that *Salinas* is inapplicable, because the district court implicitly overruled his objection. That is a mischaracterization of the proceedings. Potts objected to testimony regarding his silence. The district court then offered

No. 10-10257

a curative instruction, which Potts accepted. By accepting the instruction, Potts failed to obtain a definitive ruling on his objection—there was no implicit over-ruling, but rather no ruling at all. Following that failure to obtain a ruling, Potts accepted the court's curative instruction without objection, thus failing to preserve error.

"We find plain error when (1) there was an error or defect; (2) the legal error was clear or obvious, rather than subject to reasonable dispute; and (3) the error affected the defendant's substantial rights." *United States v. Juarez*, 626 F.3d 246, 254 (5th Cir. 2010). Once those three elements have been satisfied, we may exercise our discretion to correct the error. *Id.* Regarding the second element, "[a]n error is considered plain, or obvious, only if the error is clear under existing law." *Salinas*, 480 F.3d at 756.

Potts cannot satisfy the second element, because the error he claims was not clear under existing Fifth Circuit law. This court has yet to address conclusively whether the use of pre-*Miranda* silence as substantive evidence of guilt is a Fifth Amendment violation. *See id.* at 758 ("No published decision of this court has addressed whether the prosecution can, at trial, introduce substantive evidence that the defendant remained silent after he was arrested and taken into custody, but before he was given the Miranda warnings.").

In *United States v. Zanabria*, 74 F.3d 593 (5th Cir. 1996), we assumed without deciding that a defendant's pre-arrest, pre-*Miranda* silence fell within the scope of the Fifth Amendment's protection. An *arguendo* assumption, how-ever, is not "existing law." Post-*Zanabria* cases have also held that "a prosecu-tor's reference to a non-testifying defendant's pre-arrest silence does not violate the privilege against self-incrimination if the defendant's silence is not induced by, or a response to, the actions of the government." *United States v. Elashyi*, 554 F.3d 480, 506 (5th Cir. 2008). Potts argues that his silence was in response to actions of the officer, so his privilege against self-incrimination was violated.

5

No. 10-10257

But that is not a necessary conclusion from our caselaw.

Thus, even assuming *arguendo* that it was error to allow testimony regarding Potts's pre-*Miranda* silence, the decision to allow that testimony does not constitute reversible error, because the error was not plain.

## III.

Potts contends that the government was required to prove, but did not, that he knew the firearm had traveled in interstate commerce. Potts was convicted pursuant to 18 U.S.C. § 922(g)(1)[1] and sentenced pursuant to 18 U.S.C. § 924(a)(2).[2] He argues that the word "knowingly" in § 924(a)(2) requires the government to prove that every element in § 922(g)(1), including that the firearm had traveled in interstate commerce, was known by the defendant.

That argument, however, is foreclosed by *United States v. Rose*, 587 F.3d 695 (5th Cir. 2009). There, the defendant raised the same argument as Potts does here, but we rejected it because the defendant had not been sentenced under § 924(a)(2). *Id.* at 705-06. Rather, he was sentenced under § 924(e)(1), which does not contain a "knowingly" requirement. We went on, however, to state that "[e]ven assuming arguendo that the 'knowingly' requirement in § 924-(a)(2) applied throughout that section, there would be no corresponding impact on the elements of a crime listed in § 922(g)(1)." *Id.* at 706 n.9. That statement in *Rose* was not mere *dictum*; rather, it was an alternate holding that carries the

---

[1] Section 922(g)(1) states, in pertinent part, that "[i]t shall be unlawful for any person— (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

[2] Section 924(a)(2) provides that "[w]hoever knowingly violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both."

No. 10-10257

force of precedent.[3]  Thus, Potts's claim fails.


IV.

Finally, Potts claims that the district court erred in requiring him to serve his thirty-month sentence consecutively to state sentences that had yet to be imposed at the time of his federal sentencing, in violation of 18 U.S.C. § 3584(a). That argument is plainly foreclosed by our precedent, as Potts concedes.[4]

AFFIRMED.

---

[3] *See Pruitt v. Levi Strauss & Co.*, 932 F.2d 458, 465 (5th Cir. 1991) ("This circuit follows the rule that alternative holdings are binding precedent and not obiter dictum.").  In *United States v. Peters*, 364 F. App'x 897, 898 (5th Cir. 2010) (per curiam), we similarly said that the statement in *Rose* was an alternative holding.  *Peters*, however, was unpublished.  We now endorse that conclusion and make it explicit that our discussion of §§ 922(g)(1) and 924-(a)(2) in *Rose* was an alternate holding and thus binding precedent.

[4] *See United States v. Brown*, 902 F.2d 1212, 1217 (5th Cir. 1991) ("[W]hen determining whether to impose concurrent or consecutive sentences [the district court] may consider subsequent sentences anticipated, but not yet imposed, in separate state court proceedings.").