# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60852

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JERRY ANTWAN JOHNSON, also known as Head,

Defendant–Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2020

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Mississippi

Before OWEN, Chief Judge, and WIENER and DENNIS, Circuit Judges.

OWEN, Chief Judge:

Jerry Antwan Johnson pleaded guilty to violating 18 U.S.C. §§ 922(g) and 924(e) by knowingly possessing a firearm after he had been convicted of a misdemeanor crime of domestic violence. The probation officer prepared a presentence report (PSR) and a confidential sentencing recommendation (Recommendation). In imposing an above-guidelines sentence of 72 months of imprisonment, the district court relied on factual allegations in the Recommendation that were not in the PSR and that were not disclosed to Johnson. This violated Federal Rule of Criminal Procedure 32, and based on the facts before us, the plain error standard of review has been met. We vacate Johnson's sentence and remand for further proceedings.

No. 17-60852

**I**

After Johnson pleaded guilty, a probation officer prepared a PSR. The PSR calculated a total offense level of 21. The probation officer calculated 15 points of criminal history based on Johnson's misdemeanor convictions, however, the maximum points that could be applied for those convictions was 4.[1] Accordingly, the probation officer attributed only 4 points of criminal history, placing Johnson in Category III. The resulting advisory sentencing range was 46 to 57 months of imprisonment.

The PSR also detailed previous charges that did not result in conviction. While the instant offense was Johnson's first felony conviction, it was not his first felony charge.

The PSR recommended an upward variance "to ensure the sentence reflects the nature and circumstances of the offense and the history and characteristics of the defendant." One justification for the variance was that Johnson had several misdemeanor convictions for which no criminal history points were allocated. Johnson was provided the PSR and made no objections.

The probation officer also prepared the Recommendation, which included the following factual summary:

> As this investigation unfolded, it became increasingly clear the local police agencies in Clarksdale, Mississippi, had become desperate to get this defendant off the street, and were forced to ask for federal assistance. The defendant, as reflected by his criminal history, has been a public nuisance, and a danger to anyone in the community who stood in defiance of him. The defendant has likely intimidated numerous witnesses in the past to avoid felony prosecution. He has asserted his dominion over defenseless women he had relationships with, which is documented by his domestic violence convictions. The lead agent in this case described the defendant as a "known shooter," and "public enemy number 3 in the Clarksdale area." The defendant

---

[1] *See* U.S.S.G. § 4A1.1 (2016).

is a known gang member and is a documented participant in at least two shootings. The defendant is violent, and clearly has a complete lack of respect for the law. The sheer volume of his misdemeanor convictions paints a picture of a violent, disruptive, disrespectful, assertive, angry, and frankly, dangerous person. Communities burdened with individuals like the defendant often seek federal help to rid their community of systemic offenses caused by such individuals they have failed to control. This case is a perfect example of a community forced to plead for federal assistance to stop such an individual. Pursuant to 18 U.S.C. § 3553(a)(1), the Court may wish to consider an upward variance to ensure the sentence reflects the nature and circumstance of the offense and the history and characteristics of the defendant, who in this case has participated in criminal behavior since 2003. The defendant has several misdemeanor convictions for which no criminal history points were allocated. An upward variance may be necessary to ensure the sentence in this case adequately promotes respect for the law, provides just punishment for the offense, affords adequate deterrence to the defendant's criminal conduct, and protects the public from further crimes of the defendant. Therefore, for the assurance of community safety, the undersigned respectfully recommends the defendant receive a sentence of 120 months, which is the statutory maximum penalty allowed, in order to ensure public safety and restore the public confidence in local law enforcement. Additionally, based on factors in U.S.S.G. § 4A1.3(a)(1), an upward departure may be warranted if reliable information indicates the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes. The defendant has a record of continuous violations of the law. There is no evidence to suggest the defendant will cease his criminal activity unless removed from the area by incarceration. The variance and departure language in this case is specifically designed to help punish offenders like the defendant when there is a desperate desire by local communities to eliminate systemic criminal behavior.

At sentencing, it became clear that the district court was relying on information contained in the Recommendation. The court observed,

[I]t's interesting to the Court that in Clarksdale the witnesses seem to be afraid to come in and testify. It's not that you haven't

No. 17-60852

been charged with things, such as armed robbery. And then the witnesses don't show up for trial. And I'm not—this is just what I have been told by this report that I've gotten, that—it says that the local police agencies in Clarksdale have become desperate to get you off the street and were forced to ask for federal assistance.

Based on that exchange, Johnson's counsel asked if the report referenced by the district court had been disclosed to the defense, and the district court indicated it was a report from the probation office that had not been disclosed. The court continued,

That the defendant has likely intimidated numerous witnesses to avoid felony prosecution. Otherwise, I see no reason that the federal officers would be in Clarksdale to make this case against you other than that they've been asked to come here because the local courts have not had any success in getting witnesses to come testify.

Johnson's counsel identified two charges that were dropped for failure of the witnesses to appear.

The court summarized its concerns as it imposed its sentence: "The Court[] [is] of the opinion that these pages of criminal charges and evidence of intimidation of witnesses—that the criminal charges—history does not adequately reflect the seriousness of your—of the record and of the defendant's conduct." "Based on these considerations," the court sentenced Johnson to 72 months of imprisonment.

Johnson objected to "any sentence outside the guideline[s] as being unreasonable." Johnson requested that the Recommendation be made part of the record on appeal, and the district court granted that motion. This appeal followed.

## II

Johnson argues that the presentation of "secret facts" to the district court in a confidential sentencing recommendation (1) violated the disclosure requirement in Rule 32 of the Federal Rules of Criminal Procedure, (2) violated

No. 17-60852

the Due Process clause of the Fifth Amendment, (3) violated the Confrontation Clause of the Sixth Amendment, and (4) deprived him of his Sixth Amendment right to counsel. Johnson did not object to the use of such facts in the district court, so our review is for plain error.[2]

Johnson must show (1) an error or defect, (2) that is clear or obvious, (3) that affected his substantial rights, and (4) that we should exercise our discretion to remedy the error because it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[3] An error is clear or obvious if it is not subject to reasonable dispute.[4] We first address Johnson's contentions regarding Rule 32 because "we are obliged to consider non-constitutional issues that would be dispositive of the appeal before we reach a constitutional question."[5]

Rule 32 provides for preparation and disclosure of a PSR to assist the district court in arriving at a fair and reasonable sentence.[6] Rule 32(e)(2)

---

[2] *United States v. Potts*, 644 F.3d 233, 236 (5th Cir. 2011) (citing *United States v. Salinas*, 480 F.3d 750, 755 (5th Cir. 2007)).

[3] *Puckett v. United States*, 556 U.S. 129, 135 (2009) (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

[4] *Id.*

[5] *United States v. Howell*, 838 F.3d 489, 492-93 (5th Cir. 2016) (first citing *Nw. Austin Mun. Util. Dist. No. One v. Holder*, 557 U.S. 193, 205 (2009) ("[I]t is a well-established principle governing the prudent exercise of this Court's jurisdiction that normally the Court will not decide a constitutional question if there is some other ground upon which to dispose of the case." (quoting *Escambia Cty. v. McMillan*, 466 U.S. 48, 51 (1984) (per curiam))); and then citing *Jean v. Nelson*, 472 U.S. 846, 854 (1985) ("Prior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision." (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981))); and then citing *Clay v. Sun Ins. Office Ltd.*, 363 U.S. 207, 209 (1960) ("By the settled canons of constitutional adjudication the constitutional issue should have been reached only if, after decision of two non-constitutional questions, decision was compelled."); and then citing *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (1936) (BRANDEIS, J., concurring) ("The Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of. . . . Thus, if a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter.")).

[6] FED. R. CRIM. P. 32(d), (e)(2).

5

requires that "[t]he probation officer must give the presentence report to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing unless the defendant waives this minimum period."[7] Johnson did not waive that minimum period, and the PSR that was provided to him and his counsel did not contain the assertion in the Recommendation that Johnson "has likely intimidated numerous witnesses in the past to avoid felony prosecution."

"The touchstone of [R]ule 32 is *reasonable* notice" to allow counsel to engage in adversarial testing at sentencing.[8] Rule 32(d)(2) requires the PSR to contain "the defendant's history and characteristics, including . . . any circumstances affecting the defendant's behavior that may be helpful in imposing sentence," as well as "any other information that the court requires, including information relevant to the factors under 18 U.S.C. § 3553(a)."[9] Rule 32(i)(1)(C) requires a court to permit the "parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence."[10] Further, a defendant has a due process right to review and object to a PSR.[11] However, while Rule 32(e)(2) requires disclosure of the PSR, Rule 32(e)(3) permits a district court, by local rule or by order in a case, to "direct the probation officer not to disclose to anyone other than the court the officer's recommendation on the sentence."[12] The Northern District of Mississippi has such a rule.[13]

---

[7] FED. R. CRIM. P. 32(e)(2).

[8] *United States v. Angeles-Mendoza*, 407 F.3d 742, 749 n.12 (5th Cir. 2005) (quoting *United States v. Andrews*, 390 F.3d 840, 845 (5th Cir. 2004)).

[9] FED. R. CRIM. P. 32(d).

[10] FED. R. CRIM. P. 32(i)(1)(C).

[11] *United States v. Jackson*, 453 F.3d 302, 305-06 (5th Cir. 2006).

[12] FED. R. CRIM. P. 32(e)(3).

[13] DISCLOSURE OF INITIAL SENTENCE RECOMMENDATION, Rule 32, Local Uniform Criminal Rules of the U.S. District Court for the Northern District of Mississippi (April 30, 2013) (available here: https://bit.ly/2RdcZhm).

No. 17-60852

Johnson maintains that although Rule 32(e)(3) contemplates that a probation officer's sentencing recommendation to the court will be confidential, the Rule must be strictly limited to maintaining confidentiality of only "a numeric range, or alternatively, a justification section that only includes facts disclosed in the PSR." We cannot agree with such a constraint on a Rule 32(e)(3) recommendation. A numeric range without justification or reasoning does not aid the district court in determining a sentence that satisfies the factors in 18 U.S.C. § 3553(a). However, Rule 32(e)(3) cannot be used to shield undisclosed facts or factual allegations upon which a probation officer substantially relies in recommending an upward departure or variance from the Guidelines sentencing range or the selection of a particular sentence within that range. The questions we must resolve in the present case are whether the Recommendation substantially relied on facts or factual allegations that were not disclosed to Johnson and whether the district court relied upon those undisclosed facts in selecting the sentence it imposed.

The PSR detailed Johnson's extensive criminal history in his home of Clarksdale, Mississippi. For example, and of particular importance here, one of Johnson's convictions for misdemeanor domestic violence revealed that he intimidated the victim. Police witnessed Johnson slapping the female victim and detained Johnson in the police car. While Johnson was in the back of the car, he began kicking the inside of the window and screamed at the woman not to sign the domestic violence packet. Officers subdued Johnson with a chemical agent to prevent him from kicking the window out of the car. However, the woman did not sign the packet.

The PSR also described two armed robbery charges against Johnson that were dismissed when the victims failed or refused to appear at trial. The first occurred in 2004, when Johnson allegedly robbed two individuals at gunpoint and shot one of them. Johnson's trial was to commence four years later, and

7

the "two witnesses/victims in the case were subpoenaed to appear for trial; however, their whereabouts were unknown to the court or counsel." The trial was reset, but the witnesses "again failed and/or refused to appear." The state court found no justifiable reason why the case had not been tried earlier and "no plausible explanation as to why the witnesses/victims continued to refuse to cooperate." Accordingly, the state trial court dismissed the charges.

In April 2016, Johnson allegedly robbed two individuals at gunpoint. Both victims signed affidavits before police officers that indicated that Johnson had robbed them. Based on those affidavits, officers obtained an arrest warrant from a Mississippi court and arrested Johnson. While Johnson was in jail, the two witnesses approached officers with typed affidavits "advising they did not wish or intend to prosecute" Johnson. The affidavits were notarized by an attorney in Mississippi.

Though the Recommendation asserted that Johnson "likely intimidated numerous witnesses in the past to avoid felony prosecutions," the PSR is devoid of such an allegation; nor is there evidence of witness intimidation other than during the domestic violence incident. There is no information in the PSR that supports the district court's statements at sentencing that "it's interesting to the Court that in Clarksdale the witnesses seem to be afraid to come in and testify. It's not that you haven't been charged with things, such as armed robbery. And then the witnesses don't show up for trial." The district court also concluded at sentencing that there was "evidence of intimidation of witnesses," while the PSR contained information that Johnson threatened one victim of misdemeanor domestic violence while he was detained in the back of a police car. That is not evidence of intimidation of more than one witness, nor does it relate to the dismissal of an armed robbery charge due to the failure of witnesses to appear.

8

No. 17-60852

We conclude that the failure to disclose in the PSR information about witness intimidation, if any, in connection with either or both of the dismissed armed robbery charges, and the district court's reliance on witness intimidation in connection with a dismissed armed robbery charge was error. The United States Probation Office acts as an arm of the court when it prepares PSRs and sentencing recommendations.[14]  The district court expressly relied, in part, on the Recommendation as providing evidence of witness intimidation to justify an above-guidelines sentence.  Witness intimidation would be a "circumstance[] affecting the defendant's behavior that may be helpful in imposing [the] sentence or in correctional treatment,"[15] and the allegations and any evidence of such intimidation should have been included in the PSR and disclosed to Johnson and his counsel well in advance of the sentencing hearing.

In some circumstances, an error is "evident from a plain reading of the statute and thus, is obvious."[16]  The error is evident here.  Rule 32(d)(2) mandates that the PSR "must also contain . . . any circumstances affecting the defendant's behavior that may be helpful in imposing [the] sentence or in correctional treatment."[17]  While we recognize there is an element of judgment in determining what information "may be helpful in imposing [the] sentence," in the present case, the likelihood of witness intimidation was an important factor in the probation office's sentencing recommendation.  The information and conclusions should have been disclosed in the PSR as required by Rule 32(d)(2), and that disclosure should have been made at least 35 days prior to sentencing in compliance with Rule 32(e)(2).

---

[14] *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018) (citing *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1342 (2016)).

[15] *See* FED. R. CRIM. P. 32(d)(2)(A).

[16] *United States v. Aderholt*, 87 F.3d 740, 744 (5th Cir. 1996).

[17] FED. R. CRIM. P. 32(d)(2).

No. 17-60852

Johnson has also shown that the error affected his substantial rights. To satisfy the third prong, the defendant ordinarily must show "a reasonable probability that, but for the error, the outcome of the proceeding would have been different."[18]  The district court expressly relied on the failure of witnesses to appear and testify at a trial on an armed robbery charge and "evidence of intimidation of witnesses" in imposing its above-guidelines sentence.

To be sure, there are independent reasons to support the district court's sentence, wholly apart from any witness intimidation that might have occurred in connection with the dismissed armed robbery charges.  In its written justification, the district court adopted the description in the Recommendation that the defendant's pattern of criminal behavior beginning in 2003 and convictions for which no criminal history points were allocated justified an upward variance to ensure the sentence "adequately promotes respect for the law, provides just punishment for the offense, affords adequate deterrence . . . and protects the public from the crimes of the defendant."  The record supports the district court's assessment in those respects.  However, based on the district court's statements at the sentencing hearing, there is a reasonable probability that its sentence would have been different had the district court not relied on its assessment of witness intimidation with respect to the dismissed armed robbery charges in choosing the sentence to be imposed.[19]

Because Johnson has satisfied the first three prongs of plain error review, we have discretion to correct the error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."[20]    Like

---

[18] *Rosales-Mireles*, 138 S. Ct. at 1904-05 (internal quotation marks omitted) (quoting *Molina-Martinez*, 136 S. Ct. at 1338).

[19] *See United States v. Davila*, 569 U.S. 597, 612 (2013).

[20] *United States v. Olano*, 507 U.S. 725, 736 (1993) (alteration in original) (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)).

No. 17-60852

guidelines miscalculations, the undisclosed facts "ultimately result from judicial error."[21]   The "public legitimacy of our justice system relies on procedures that are neutral, accurate, consistent, trustworthy, and fair."[22] The public reputation of judicial proceedings would be rightly diminished if we allowed such errors to go uncorrected.

We are cognizant that Johnson has not argued to this court that the allegations of witness intimidation are untrue.  He has had sufficient notice since sentencing and has not contended that, given the opportunity, he would present evidence that there was no witness intimidation.  Nevertheless, the district court's justification for an upward variance from the guidelines requires a sufficient evidentiary basis, and in the present record, there is no evidence of intimidation of witnesses in connection with the dismissed armed robbery charges.[23]  There is only evidence that Johnson intimidated a witness after he was detained for a domestic violence offense.

The district court committed significant procedural error in assessing its sentence.  The use of undisclosed facts to justify an above-guidelines sentence seriously affects the fairness, integrity, and public reputation of judicial proceedings.[24] Because we determine that Johnson's sentencing violated Criminal Rule 32, we do not reach Johnson's constitutional claims.

*          *          *

Johnson's sentence is VACATED, and we REMAND to the district court for resentencing.

---

[21] *See Rosales-Mireles*, 138 S. Ct. at 1908.

[22] *Id.* (internal quotation marks and citation omitted).

[23] *See United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006) (citing *United States v. Rodriguez*, 897 F.2d 1324, 1328 (5th Cir. 1990)).

[24] *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

11