# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 25, 2020

Lyle W. Cayce
Clerk

No. 19-11374
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SARAH HEYDARI,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-163-1

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Sarah Heydari appeals her above-guidelines sentence of 41 months in prison that was imposed following her guilty-plea conviction for conspiracy to possess 15 or more counterfeit or unauthorized access devices. According to Heydari, the presentence report (PSR) failed to comply with the disclosure

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-11374

requirements of Federal Rule of Criminal Procedure 32(d); in particular, she argues that a hypothetical guidelines range first presented at sentencing relied on facts not disclosed in the PSR.

We review this argument for plain error because Heydari did not object on this basis in the district court. *See United States v. Johnson*, 956 F.3d 740, 743 (5th Cir. 2020). To establish plain error, she must show an error that is clear or obvious that affects her substantial rights. *Id.* If Heydari satisfies the first three prongs, we have the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Here, the PSR complied with the requirements set forth in Rule 32(d). *See* FED. R. CRIM. P. 32(d). The hypothetical guidelines range calculated by the probation officer at the district court's request was based on detailed facts previously set forth in the PSR indicating that Heydari's residence was being used for illegal drug activity. Notably, the PSR specifically informed Heydari that these facts could warrant an upward departure. Because the drug-related conduct upon which the district court relied when imposing an above-guidelines sentence was disclosed to Heydari well before the sentencing hearing, she cannot establish error, plain or otherwise. *See Johnson*, 956 F.3d at 743, 746.

Heydari's sentence is AFFIRMED.