# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 23, 2022

Lyle W. Cayce
Clerk

No. 21-20036
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SANDRA MICHELLE ALFONSO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-259-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Sandra Michelle Alfonso pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). She appeals the district court's finding that she was accountable for 4.5 kilograms or more of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-20036

methamphetamine (actual), resulting in a base offense level of 38 under U.S.S.G. § 2D1.1(c)(1). Alfonso contends that the Houston Police Department (HPD) did not use a calibrated scale to weigh the 12 packages of methamphetamine recovered from her car, that the HPD did not thoroughly examine the packages to make sure they did not contain other objects, and that the actual weight of the methamphetamine was uncertain because it was weighed with its packaging.

We apply the clearly erroneous standard of review to the district court's factual determination regarding the quantity of drugs used to establish the defendant's base offense level. *United States v. Dinh*, 920 F.3d 307, 310 (5th Cir. 2019). We will not find clear error when "the district court's finding is plausible in light of the record as a whole." *United States v. Rico*, 864 F.3d 381, 383 (5th Cir. 2017).

A presentence report (PSR) generally bears sufficient indicia of reliability to be considered by the sentencing judge in making factual determinations. *United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014). A "district court may properly find sufficient reliability on a [PSR] which is based on the results of a police investigation." *United States v. Vela*, 927 F.2d 197, 201 (5th Cir. 1991). If the PSR bears sufficient indicia of reliability, then the defendant has the burden of showing that the PSR is inaccurate. *United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013). If the defendant fails to produce sufficient rebuttal evidence, a sentencing court may properly rely on the PSR and adopt the factual findings contained therein as its own. *United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013).

The PSR in this case was based on a review of the relevant police records and an interview with the lead agent, giving it sufficient indicia of reliability. *See Vela*, 927 F.2d at 201. Alfonso failed to provide any rebuttal evidence to support her objections that the scale used to weigh the packages

2

may have been faulty or that the methamphetamine, which weighed 6.12 kilograms including the packaging, would have weighed less than 4.5 kilograms had it been weighed without the packaging. Her "[m]ere objections" to the facts in the PSR did not "suffice as competent rebuttal evidence." *Alaniz*, 726 F.3d at 619 (internal quotation marks and citation omitted). Regarding her contention that the HPD did not thoroughly examine each package, the district court is explicitly permitted "to extrapolate the nature and quantity of drugs involved in an offense based on lab reports that tested only a sample of the overall quantity." *Dinh*, 920 F.3d at 313.

Additionally, the district court's finding that Alfonso was transporting more than 4.5 kilograms of methamphetamine was supported by information from a confidential source, who informed the HPD that the original drug deal was for 6 kilograms of methamphetamine. Though this information was not provided to Alfonso until the PSR addendum was issued, the district court was permitted to rely on it, as defendants do not have a right to confrontation at sentencing. *See Dinh*, 920 F.3d at 312. Alfonso's allegation of a due process violation is also unfounded, as the PSR addendum was issued 38 days prior to sentencing. *See* Fed. R. Crim. P. 32(g); *cf. United States v. Johnson*, 956 F.3d 740, 744 (5th Cir. 2020). Accordingly, the district court's finding that Alfonso was accountable for 4.5 kilograms or more of methamphetamine is not clearly erroneous. *See Rico*, 864 F.3d at 383.

For these reasons, the judgment of the district is AFFIRMED.