# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-40301

————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 15, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Rudolfo Cardona-Garcia,

*Defendant—Appellant*.

————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:23-CR-263-1

————————————————————————

Before Dennis, Southwick, and Ho, *Circuit Judges*.

Per Curiam:*†

Rudolfo Cardona-Garcia contests the district court's application of a "crime of violence" United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") sentencing enhancement to his prior South Dakota convictions for sexual contact with a child. Cardona-Garcia failed to object to the application of the sentencing enhancement at the district court and now

——————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

† Judge Ho would affirm based on *United States v. Fuentes-Canales*, 902 F.3d 468, 476–82 (5th Cir. 2018).

appeals his sentence, contending that the district court committed plain error. For the reasons that follow, we REVERSE and REMAND for resentencing.

I

Rudolfo Cardona-Garcia pleaded guilty to being unlawfully found in the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b). Prior to sentencing, the U.S. Probation Officer, in a Presentence Investigation Report ("PSR"), recommended that Cardona-Garcia receive several U.S.S.G. sentencing enhancements on account of his prior convictions for sexual contact with a child under sixteen years old, in violation of South Dakota law, for which he was sentenced to a fifteen-year term of imprisonment. Relevant to this appeal, the district court assessed two criminal history points under U.S.S.G. § 4A1.1(e), finding that Cardona-Garcia's prior convictions for sexual contact with a child were "crimes of violence" as defined in the Guidelines. The PSR calculated Cardona-Garcia's criminal history score as five and his corresponding criminal history category as III, yielding a Guidelines' sentencing range of twenty-four to thirty months imprisonment.[1] The district court adopted the PSR and sentenced Cardona-Garcia to twenty-seven months of imprisonment with no subsequent term of supervised release.

For the first time on appeal, Cardona-Garcia argues his prior South Dakota convictions are not "crimes of violence" as defined by the Guidelines and, therefore, that the district court plainly erred in applying the § 4A1.1(e) sentencing enhancement.[2]

_____

[1] Without the § 4A1.1(e) enhancement, the Guidelines' sentencing range would have been twenty-one to twenty-seven months imprisonment.

[2] Cardona-Garcia filed objections to the PSR, requesting a downward departure pursuant to U.S.S.G. §5K2.0 and/or downward variance pursuant to U.S.C. §3553 because

23-40301

## II

Because Cardona-Garcia did not object to the application of § 4A1.1(e) to his prior South Dakota convictions in the district court, we review for plain error. *Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Soza*, 874 F.3d 884, 896–97 (5th Cir. 2017) (noting plain error review applies to claims of unpreserved U.S.S.G. errors). Plain-error review involves four prongs, each of which must be satisfied before this court may intervene: (1) "there must be an error or defect . . . that has not been intentionally relinquished or abandoned"; (2) "the legal error must be clear or obvious, rather than subject to reasonable dispute"; (3) "the error must have affected the appellant's substantial rights"; and (4) "if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error — discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135 (citations and internal quotations omitted and alterations and emphasis in original).

"Relief under the plain-error standard 'will be difficult to get, as it should be,'" but it is not impossible. *United States v. Figueroa-Coello*, 920 F.3d 260, 264 (5th Cir. 2019) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 n.9 (2004)). "The focus of plain error review should be 'whether the severity of the error's harm demands reversal,' and not 'whether the district court's action deserves rebuke.'" *United States v. Escalante-Reyes*, 689 F.3d 415, 423 (5th Cir. 2012) (en banc) (alterations and quotation omitted).

## III

---

of his family responsibilities (to work and provide for his elderly mother in Guatemala and his children). Notably, he did not challenge the PSR's U.S.S.G. calculations.

The Government correctly concedes that an error affecting Cardona-Garcia's substantial rights occurred—the first and third prongs of plain error review. Specifically, the parties agree an error occurred since Cardona-Garcia's prior convictions for sexual contact with a child do not qualify as "crimes of violence" as defined by the Guidelines. As to the third prong, without the erroneously applied enhancement, the Guidelines range would have been twenty-one to twenty-seven months imprisonment, rather than twenty-four to thirty months imprisonment. A defendant has generally met his burden under the third prong where "the district court mistakenly deemed applicable an incorrect, higher Guidelines range," since, upon correction, there is "a reasonable probability of a different outcome." *Molina-Martinez v. United States*, 578 U.S. 189, 200 (2016). Such is the case here. Nevertheless, the Government argues that the error was not clear or obvious, and does not affect the fairness, integrity, and public reputation of judicial proceedings—the second and fourth plain-error prongs. We take each disputed prong in turn.

The second prong of plain error review inquires whether the district court's classification of Cardona-Garcia's prior convictions for sexual contact with a child under S.D. Codified Laws § 22-22-7 as "crimes of violence" was clear or obvious error. To determine "whether an error is 'clear or obvious,' [this Court] look[s] to the 'state of the law at the time of appeal,' and [it] must decide whether controlling circuit or Supreme Court precedent has reached the issue in question, or whether the legal question would be subject to 'reasonable dispute.'" *United States v. Scott*, 821 F.3d 562, 570–71 (5th Cir. 2016) (quoting *United States v. Fields*, 777 F.3d 799, 802 (5th Cir. 2015)).

The Government notes, and Cardona-Garcia acknowledges, that there is no Fifth Circuit precedent addressing whether S.D. Codified Laws § 22-22-7 is a "crime of violence." While "[a] lack of binding

authority is often dispositive in the plain-error context." *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015), in *United States v. Johnson*, 956 F.3d 740, 746 (5th Cir. 2020) (cleaned up), we held that, "[i]n some circumstances, an error is evident from a plain reading of the statute and thus, is obvious." *Cf. United States v. Urbina-Fuentes*, 900 F.3d 687, 697–98 (5th Cir. 2018) (finding that an error involving the categorical approach was plain despite the lack of Fifth Circuit case law addressing the relevant statute). The error made by the district court fits *Johnson*'s mold: it is so apparent that it can be identified based upon a simple and straightforward reading of the statute in question, S.D. Codified Laws § 22-22-7, and the applicable Guidelines enhancement.

Specifically, the offense with which Cardona-Garcia was charged, S.D. Codified Laws § 22-22-7, provides that "[a]ny person, sixteen years of age or older, who knowingly engages in sexual contact with another person, other than that person's spouse if the other person is under the age of sixteen years is guilty of a Class 3 felony." South Dakota law defines "sexual contact" as "any touching, not amounting to rape, whether or not through clothing or other covering, of the breasts of a female or the genitalia or anus of any person with the intent to arouse or gratify the sexual desire of either party." S.D. Codified Laws § 22-22-7.1

For purposes of the applicable enhancement, U.S.S.G. § 4A1.1(e), the term "crime of violence" has the meaning set forth in § 4B1.2(a). *See* U.S.S.G. § 4A1.2(p). U.S.S.G. § 4B1.2(a) defines a "crime of violence" as any state or federal offense punishable by more than one year of imprisonment that

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; *or*
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a *forcible sex offense*, robbery, arson, extortion, or the

use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a) (emphasis added). Cardona-Garcia argues that his prior convictions do not qualify as a "crime of violence" under either § 4B1.2(a)(1) or (2). Because there is no indication in the PSR or the sentencing hearing transcript of which subsection of § 4B1.2(a) that the district court based its enhancement decision on, we must determine whether S.D. CODIFIED LAWS § 22-22-7 is a "crime of violence" under either subsection.

A

For the first prong of U.S.S.G. § 4B1.2(a), the use of force prong, the "crime of violence" enhancement is justified if the conviction for the crime necessarily requires a finding that a defendant used, attempted to use, or threatened to use physical force against the person of another. § 4B1.2(a)(1); *see also United States v. Ceron*, 775 F.3d 222, 227 (5th Cir. 2014) (addressing the identically-worded clause under U.S.S.G. § 2L1.2). Supreme Court and Fifth Circuit precedents support Cardona-Garcia's contention that "[m]ere touching, absent an element of causation of bodily injury or resistance, does not categorically require as an element the use, attempted use or threatened use of physical force." In terms of Supreme Court precedent, in the context of the Armed Career Criminal Act ("ACCA"), the Court has held that the term "physical force," when used to define a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i), requires "*violent* force—that is, force capable of causing physical pain or injury to another person." *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). In doing so, the Supreme Court rejected a definition of "physical force" that would encompass a crime committed with any physical contact, no matter how slight. *Id.* The Supreme Court has since reiterated that—in the context of the

ACCA — "physical force" means force which is "capable of causing physical injury." *Stokeling v. United States*, 586 U.S. 73, 85 (2019).

Our court, when presented with several states' laws prohibiting sexual contact without consent, has found the level of force required did not rise to the requisite level of "physical force" to qualify as a "crime of violence." In *United States v. Houston*, 364 F.3d 243, 248 (5th Cir. 2004), we held that a defendant's prior conviction for statutory rape under Texas law was plainly not a "crime of violence" under § 4B1.2(a)(1) because use of force was not an element of the Texas statute at issue. In *United States v. Rosas-Pulido*, 526 F.3d 829, 836 (5th Cir. 2008), we examined a similar Minnesota statute that prohibited "unwanted touching and pinching of a breast accomplished only by the force inherent in that touching and pinching" and held that this did not rise to the level of "physical force" to qualify as a "crime of violence." Finally, in *United States v. Rosales-Orozco*, 794 F. App'x 369, 372–74 (5th Cir. 2019) (unpublished) we held that a Pennsylvania statute which only penalized sexual intercourse without consent, including by incapacitation or deceit, did not have the use of physical force as an element.

The caselaw demonstrates that a statute criminalizing "mere touching" does not include the requisite element— "the use, attempted use, or threatened use of physical force against the person of another"— to meet the definition of a crime of violence. U.S.S.G. § 4B1.2(a)(1). The crime at issue here, S.D. Codified Laws § 22-22-7, provides that "[a]ny person, sixteen years of age or older, who knowingly engages in sexual contact with another person" is guilty of a felony, where sexual contact is defined as "*any touching* . . . whether or not through clothing or other covering." The South Dakota offense clearly criminalizes *any* touching, whether or not through clothing. Our caselaw makes it clear that a statute which criminalizes mere touching, like S.D. Codified Laws § 22-22-7, does not have as an element "the use, attempted use, or threatened use of physical force against

the person of another." *Houston*, 364 F.3d at 248; *Rosas-Pulido*, 526 F.3d at 836; *Rosales-Orozco*, 794 F. App'x at 372–74. Thus, based on a plain reading of the statutes, this is not a "crime of violence" under § 4B1.2(a)(1).

B

Next, we must determine whether S.D. Codified Laws § 22-22-7 is a "forcible sex offense" under U.S.S.G. § 4B1.2(a)(2). The second subsection of § 4B1.2(a) lists various offenses that qualify as "crimes of violence," including a "forcible sex offense." § 4B1.2(a)(2). The Guidelines further define "forcible sex offense" as statutory rape, but "only if the sexual abuse of a minor or statutory rape was (A) an offense described in 18 U.S.C. § 2241(c) *or* (B) an offense under state law that would have been an offense under section 2241(c) if the offense had occurred within the special maritime and territorial jurisdiction of the United States." U.S.S.G. § 4B1.2(e)(1) (emphasis added). With respect to subsection (A), 18 U.S.C. § 2241(c) criminalizes aggravated sexual abuse that crosses state lines and requires a "sexual act" with a child under twelve years of age. Sexual act is defined as "the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(2)(D).

A straightforward reading of the Guidelines and S.D. Codified Laws § 22-22-7 leads us to the conclusion that Cardona-Garcia's prior convictions are not "forcible sex offenses" under the second subsection of § 4B1.2(a). Our reading of the at-issue federal and state statutes reveals that S.D. Codified Laws § 22-22-7 is broader than the federal definition of sexual act under 18 U.S.C. § 2241 in several ways. First, the South Dakota offense criminalizes any sexual contact, including touching through clothing, but touching through clothing is specifically excluded from the scope of §

2241, as it requires the intentional touching be *not* through the clothing. Second, the South Dakota statute includes the touching of other areas in addition to the genitalia, which is the only body part included in the federal offense. And third, the state statute applies more broadly to victims under sixteen years old, while the federal statute requires the victim be under twelve years old. To find that S.D. CODIFIED LAWS § 22-22-7 is a forcible sex offense, then, is clear error. Under either the first or the second prongs of § 4B1.2(a), characterizing S.D. CODIFIED LAWS § 22-22-7 as a "crime of violence" is clear and obvious error. As such, we conclude that Cardona-Garcia has satisfied the second prong of clear error.

C

The fourth plain-error prong requires us to consider whether "the error affects the fairness, integrity, or public reputation of judicial proceedings such that the appellate court should exercise its discretion to correct the error." *Escalante-Reyes*, 689 F.3d at 425 (internal quotation marks and citation omitted). This prong "is 'dependent upon the degree of the error and the particular facts of the case.'" *United States v. Mims*, 992 F.3d 406, 410 (5th Cir. 2021) (quoting *United States v. Davis*, 602 F.3d 643, 651 (5th Cir. 2010)). The Supreme Court has cautioned courts that "[i]n the ordinary case, . . . the failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 585 U.S. 129, 145 (2018). Still, "any exercise of discretion at the fourth prong . . . inherently requires 'a case-specific and fact-intensive' inquiry" and "[t]here may be instances where countervailing factors satisfy the court of appeals that the fairness, integrity, and public reputation of the proceedings will be preserved absent correction." *Id.* at 142.

23-40301

In sentencing Cardona-Garcia, the district court stated that, after considering the factors in 18 U.S.C. § 3553(a), it felt a sentence within the Guidelines was appropriate. There was no discussion of countervailing factors or facts the district court relied upon in finding that a Guidelines sentence was appropriate. The district court did not state that it felt the sentence was appropriate even if the Guidelines calculation was wrong. There is a reasonable risk that, had the Guidelines been calculated correctly (yielding a range of imprisonment of twenty-one to twenty-seven months) as opposed to incorrectly (yielding a range of imprisonment of twenty-four to thirty months), Cardona-Garcia would have been sentenced differently.[3] "The risk of unnecessary deprivation of liberty particularly undermines the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 140. Accordingly, we exercise our discretion to correct the plain error.

IV

For the foregoing reasons, we REVERSE and REMAND for resentencing.

---

[3] The bulk of the Government's argument on this prong points to the "heinous, undisputed facts" underlying Cardona-Garcia's conviction. Although the facts underlying Cardona-Garcia's previous conviction for sexual contact with a child are undeniably horrific, the Supreme Court has cautioned appellate courts that although criminal history is relevant to the district court's inquiry under 18 U.S.C. § 3553(a), it is not relevant to "whether the plain procedural error in [the criminal defendant's] sentencing proceedings, which may have resulted in a longer sentence than is justified in light of that history, seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Rosales-Mireles*, 585 U.S. at 145 n.5.